*Ex parte* GRANVILLE C. CONNER, plaintiff in error.

| 51 | 571 |
| 128 | 414 |

1. Under article 3, section 4, paragraph 5, of the constitution of this state, which declares that "no law shall pass which *refers to more than one subject matter*, or contains matter different from what is expressed in the title thereof," it is not competent for the general assembly to enact a law incorporating three separate and distinct corporations, or reviving by name three charters which had become obsolete.
2. Where a person summoned as a juror claims exemption from such duty under an act of the general assembly, the decision of the court refusing such right is one to which a writ of error will lie.   Though such person may have served his time as a juror, yet his name is still in the jury box; and, in addition to this, the decision affects the administration of public justice.   See end of report, (R.)

Constitutional law.   Laws.   Corporations.   Bill of exceptions.   Practice in the Supreme Court.   Before Judge HILL. Bibb Superior Court.   October Term, 1873.

The plaintiff in error having been drawn and summoned to serve upon the traverse jury in Bibb superior court, at April term, 1873, made application to be discharged, upon the ground that he was a member of the Macon Volunteers, a military company, the members of which were exempt from

such service, and which had filed in the office of the clerk of the superior court of said county, a certificate specifying the names of, the members, as provided by law, the name of the movant appearing thereon as first sergeant of said company.

It appeared that by the original charter of the Macon Volunteers, approved December 7th, 1841, the members of said company were exempted from jury duty. That said act was re-enacted on February 20th, 1873, as follows :

" An Act to re-enact and declare of full force an act entitled 'An act to incorporate the volunteer corps of infantry in the city of Macon, and to grant certain privileges to the same," approved December 7th, 1841; and to extend the provisions of said act to the Floyd Rifles, of the city of Macon, and the Clinch Rifles and Irish Volunteers, of the city of Augusta.'

"Section I. *The General Assembly of the State of Georgia do enact,* That the above recited act is hereby re enacted and declared to be of full force and validity, and that all the powers, privileges, franchises and immunities therein granted to the Macon Volunteers be, and they are hereby renewed and confirmed unto the said Macon Volunteers and Floyd Rifles, of the city of Macon, and the Clinch Rifles and Irish Volunteers, of the city of Augusta.'

" Section II. repeals conflicting laws."

The application was refused and Conner excepted.

When this case was called, a motion was made by counsel for the State of Georgia to dismiss the writ of error upon the ground that a reversal would not benefit the plaintiff in error, as he had already served his time as a juror. The motion was overruled, the court enunciating the principle embraced in the second head-note.

G. W. Gustin, for plaintiff in error.

N. J. Hammond, attorney general; R. W. Jemison, solicitor general *pro tem.*, by John Rutherford, for the state.

Granville C. Conner.

McCay, Judge.

1. The privilege claimed by Mr. Conner is dependent on a special grant, an exemption from a public duty cast by law on citizens in general of his class, and his right to the exemption should be clearly made out, under strict rules of construction. Much might be said under such a rule against his right, even assuming the validity of the law under which he claims. At best the exemption only arises by inference and implication and not by direct grant, and under the rules for construing special laws granting special exemptions, it might well be denied. Again, the ordinary, and not the clerk of the superior court, is the successor of the clerk of the inferior court in matters pertaining to county affairs, and this particular matter—the exemption of one from jury duty, would seem to belong to the office where the books and names from which the list is made up, the tax books, are kept. But we affirm the judgment, on the ground that the act of reincorporation under which the right is claimed is in violation of article 3, section 4, paragraph 5 of the constitution. That paragraph declares that no act shall pass having more than one subject matter. This act has for its avowed purpose the creation of three separate corporate bodies, and, as we think, comes exactly within the intent and scope of this prohibition. The evident intent was to prevent what is commonly known as "log rolling," passing through a measure not on its own merits, by combining it with other measures, each of which has a certain strength, and thus pulling them through by virtue of their combined strength. This bill is, too, one for private benefit, and makes just the case provided for. If such a bill as this is not obnoxious to the rule, it will be difficult to find one. A fertile imagination can always get up some sort of a thread that will connect ideas however incongruous. The thread suggested here is that these companies have a common purpose. But that is true of two railroads or two banks. We are inclined to think, too, that the title of the act does not bring this exemption within its scope. There is a wide

distinction between a charter of a corporation and an exemption from public duty in a charter. The legislature might well grant the one and refuse the other. The title here indicates that a certain charter is to be revived. Is there anything in this to indicate that a certain exemption of its members from jury duty is also to be granted?

2. As appears, this exemption was the whole object of the law, and the revival of the charter was a mere device to get the exemption passed. We suppose this was a deliberate scheme, by this very misnomer, to get through the legislature an exemption which would not have been granted had the real intent been apparent. Such devices are very reprehensible, and so far as it is in our power, we feel disposed to apply, for the purpose of stopping them, the constitutional prohibition in its plain and obvious meaning.

Judgment affirmed.