KING *et al. vs.* BANKS *et al.,* relators.

The ruling in 51 *Ga.*, 571, "that, under article 3, section 4, paragraph 5, of the constitution of this state, which declares that 'no law shall pass *which refers to more than one subject matter*, or contains matter different from what is expressed in the title thereof,' it is not competent for the general assembly to enact a law incorporating three separate and distinct corporations, or reviving by name three charters which had become obsolete," covers this case, which, in one and the same act, incorporates two towns.

Constitutional law.    Municipal corporations.    *Quo warranto.*    Before Judge RICE.    Hall Superior Court.    September Term, 1878.

This was a *quo warranto* at the relation of Banks *et al.* against King *et al.*, on the ground that defendants were unlawfully assuming the rights and powers of a mayor and council of the town of Belton.    Defendants held their positions under an act of the legislature which incorporated both High Shoals and Belton (acts 1874, p. 155); their answer set up this act as authority.    The court sustained a demurrer to the answer, and gave judgment against defendants; whereupon they excepted.

MARLER & PERRY; W? P. PRICE, for plaintiffs in error, cited: 2 Iowa, 280; 11 *Ib.*, 482; 20 *Ib.*, 338; 7 Minn., 465; 2 *Ib.*, 330; 13 *Ib.*, 341; 45 Ala., 234; 29 Wis., 400; 15 Va., (Grattan) 1; 3 Met., 566; 2 *Ib.*, 146, 165, 219, 222; 15 Ill., 20; 32 *Ib.*, 181; 51 *Ib.*, 94; 56 *Ib.*, 172; 7 Md., 151; 11 *Ib.*, 525; 14 *Ib.*, 184; 30 *Ib.*, 112; 22 Barb., 634; 36 *Ib.*, 177; 9 La., 333; 11 *Ib.*, 722; 14 *Ib.*, 7; 7 Ind., 684; 34 N. J. 236; 8 Bush., 108, 112; 13 Mich.,

481; contemporaneous construction, Cooley's Const. Lim., 67, 68 69, 240, 118, 144, 146; 49 *Ga.*, 236; 52 *Ib.*, 621; 51 *Ib.*, 573; 50 *Ib.*, 376; 51 *Ib.*, 639; Const. 1877, art. 3, sec. 7, par. 15; 1 Dillon on Mun. Corp., 138, 139; contemporaneous legislation.

A. L. MITCHELL, solicitor general; J. N. DORSEY, for defendants, cited acts 1874, pp. 155, 46; acts 1872, p. 16; constitution 1868, art. 3, sec. 4, par. 5; 51 *Ga.*, 571; *Ayeridge vs. Town Com'rs, etc.*, 60 *Ga.*, 404; constitution 1868, art. 1, p. 32; 49 *Ga.*, 232; 50 *Ib.*, 374; 52 *Ib.*, 621; 42 *Ib.*, 405. Contrast with constitution of 1861.

JACKSON, Justice.

The single question made in this record is, whether the legislature had the constitutional power, under the constitution of 1868, to incorporate two towns in one act. The towns of High Shoals, near the corner of Oconee, Morgan and Walton, being one of them, and the other town being Belton, on the confines of Hall and Banks. This proceeding is against the municipal authorities of the latter place; the court below held the act unconstitutional; and the town council brings the case here.

The constitution of 1868 contains these words: "Every bill, before it shall pass, shall be read three times, and on three separate days in each house, unless in cases of actual invasion or insurrection. Nor shall law or ordinance pass which refers to more than one subject matter, or contains matter different from what is expressed in the title thereof." Code, §5056. The sole question is, does an act which incorporates two towns in different parts of the state contain two subjects matter. In 51 *Ga.*, 571, in the case *ex parte* Conner, this court held that, under this clause of the constitution of 1868, "it was not competent for the general assembly to enact a law incorporating three separate and distinct corporations, or reviving by name three charters which had

become obsolete." The question there was, whether Conner was exempt from service as a juror, which turned upon the validity of an act which renewed the charter of the Macon volunteers, whose caption was, "An act to re-enact and declare of full force an act entitled 'an act to incorporate the volunteer corps of infantry in the city of Macon, and to grant certain privileges to the same,' approved December 7, 1841; and to extend the provisions of said act to the Floyd Rifles, of the city of Macon, and the Clinch Rifles and the Irish Volunteers, of the city of Augusta. The body of the act was as follows: "That the above recited act is hereby re-enacted, and declared to be of full force and validity, and that all the powers, privileges, franchises and immunities therein granted to the Macon Volunteers be, and they are hereby, renewed and confirmed unto the said Macon Volunteers and Floyd Rifles, of the city of Macon, and the Clinch Rifles and Irish Volunteers, of the city of Augusta."

This court held the act void, and Judge McCay said, in delivering the opinion of the court: "This act has for its avowed purpose the creation of three separate corporate bodies, and, as we think, comes *exactly* within the intent and scope of this prohibition." And he adds, that the intent was to prevent log-rolling, or combining the strength of different measures to carry all through when one alone might fail. He was a member of the convention, and prominent and powerful therein. We think that the principle ruled in that case covers this. If to incorporate more than one military company with the grant of certain privileges be unconstitutional, because there is more than one subject matter in the act, we cannot see how to incorporate two towns with greater powers and privileges, such as police and taxing powers, and even powers to make courts in some charters, can be upheld. Log-rolling could be used in the one case as in the other.

That was a unanimous judgment of this court; the principle ruled applies to this case and covers it; and we cannot do otherwise than to affirm the judgment.

If these communities wish to be incorporated, the general assembly soon convenes, and it can be done under the constitution of 1877; if either of them does not desire a charter, it ought not to be forced upon them. And as it seems from the journal that Belton was incorporated by amendment on the day of the last reading of the act to incorporate High Shoals, and it has been argued that a majority of its citizens do not wish to be incorporated, and had no notice of this act until passed, we are the less reluctant to enforce the constitutional provision.

The constitution declares, however, that "legislative acts in violation of this constitution, or the constitution of the United States, are void, and the judiciary shall so declare them." Code, §5024. So that we have no option but to apply the ruling in 51 *Ga.*, which, until reviewed and reversed on solemn argument, is the law, to this case, which it seems to us so completely to cover.

Judgment affirmed.