## CHURCHILL *et al. vs.* WALKER *et al.*

1. Where the petition to allow an information in the nature of a *quo warranto* to be filed has been granted, and the information has been filed by the solicitor general, the state is a party to the proceeding, and on exception to the judgment dismissing the case, the state is a necessary party to the bill of exceptions.

2. The title to an office will not be tried at the instance of a claimant thereof after his term has expired and no judgment of ouster can be pronounced.

3. Every citizen of a town has an interest in its municipal offices which will support a *quo warranto* proceeding to test the right of incumbents thereto.

   JACKSON, C. J., concurred *dubitante* as to this point.

4. A municipal corporation is a creature of legislation, and its modes of government and the officers conducting the same may be changed by the legislature.

5. The legislature has power to pass all acts not forbidden by or obnoxious to the constitution, and the presumption is in favor of the constitutionality of such acts until they are clearly shown to be unconstitutional.

6. By the constitution of 1868 the legislature was authorized to provide for the creation of county commissioners in such counties as might require them, and to define their duties. That commissioners were created for a county in which was located the town of Darien, and one of the duties put upon them was the exercise of the corporate authority of such town, was not unconstitutional.

(*a.*) The act of 1871, creating a board of commissioners for the county of McIntosh (Acts 1871, p. 265), is not unconstitutional as containing more than one subject matter or matter different from the title of the act.

Practice in Supreme Court. Officers. Actions. County Matters. Constitutional Law. Before Judge FLEMING. McIntosh Superior Court. July Term, 1881.

Reported in the decision.

JNO. L. HARDEN; H. M. LAW, by E. F. HOGE, for plaintiffs in error.

LESTER & RAVENEL; TOMPKINS & DENMARK; W. R. GIGNILLIAT, for defendants.

SPEER, Justice.

The record discloses that at an election held on the 20th of April, 1881, the plaintiffs in error were elected to the offices of mayor and aldermen of the city of Darien.

As such officials elect they filed their petition in the superior court of McIntosh county, asking leave to file an information in the nature of a *quo warranto* against James Walker and others, defendants in error, who have been, and still are, exercising the powers of mayor and aldermen of the city of Darien under the acts of the general assembly of 1871 and 1876, creating the board of county commissioners. Petitioners allege that said acts, so far as they intended to confer corporate powers over the municipality of Darien on said board of commissioners, were unconstitutional and void. That the charter of the city of Darien never having been repealed, plaintiffs in error were entitled to hold and exercise the office of mayor and aldermen of said city of Darien under and by virtue of their election aforesaid.

Plaintiffs in error further by their petition claim that, as residents and citizens of said city, they were interested in the good government of the same, and that outside of their interest as officers elect, and apart and distinct from the same, this latter interest was sufficient to entitle them to have leave to file information, and to prosecute the same to inquire into the authority and warrant by which the defendant in error claimed to exercise the office of mayor and aldermen of said city of Darien.

To this petition the defendants in error filed their demurrer on various grounds as set forth in the record. On calling up the demurrer, counsel for plaintiffs in error moved to strike therefrom so much as raised issues of fact, which motion the court sustained and also granted leave to file information. The order granting leave accorded to

defendants in error the privilege of filing a demurrer to petition after filing the information. The information was filed accordingly with allegations similar to those of the petition, and the writ was issued and served upon defendants in error. A demurrer was then filed within five days by the defendants after the service of the writ upon them, on the following grounds:

(1.) That the information was not filed at a term of the court.

(2.) Because respondents were called upon to answer within five days after service of information and writ upon them.

(3.) That there is no writ of *quo warranto.*

(4.) No sufficient allegations showing the right of relators to hold the offices claimed.

(5.) That the allegations are not sufficient for the court to pass judgment upon.

(6.) Relators have no right to the offices claimed.

(7.) There is no law authorizing an election for mayor and aldermen of the city of Darien.

(8.) Respondents are the only persons authorized to exercise the powers of mayor and aldermen of the city of Darien.

(9.) Relators show no interest in the offices claimed.

(10.) The allegations are not sufficient to warrant a judgment of ouster.

(11.) That relators cannot jointly maintain this action.

(12.) Relators do not show for what length of time nor for what terms they have been elected.

On hearing the demurrer, the court sustained the same, and ordered the writ of *quo warranto* to be dismissed, which is excepted to and assigned as error.

1. As to the motion to dismiss this writ of error because the state is not a party to the same, we have to say that we think, as the information is filed by the solicitor general as the officer of the state in the Eastern judicial circuit, and for the state, and could be filed in no other

v 68—45

name but that of the state, we cannot see that the state was not a necessary party here. It is not a party, because its officer does not sign the bill of exceptions for the state, nor do other counsel as representatives of the state. But as we think it best to dispose of the case on the merits we will pass upon the other points.

2, 3. It is insisted that, as the alleged official terms of the relators to the office of mayor and aldermen of the city of Darien expired in November last, and by virtue of which they sought the issuing of this writ of *quo warranto*, this court should not proceed further, as the relators could not have a judgment of ouster against respondents and of induction for themselves. It is true that this court, in the case of *Morris vs. Underwood*, 19 *Ga.*, 559, held, "The title to an office will not be tried when the term has expired, and no judgment of ouster can be pronounced." But it must be observed that these relators apply for this writ not only as claimants to the offices in controversy, but they also claim as resident citizens of said city of Darien, apart and independent of their claim as officers elect. "The writ of *quo warranto* may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging, but must be granted at the suit of some person either claiming the office or interested therein." Code, §3203.

It is clear, from this provision of the Code, that persons other than the contesting claimant to the office may apply for the issuance of this writ. Are not resident citizens of a municipality interested in the offices through which the civil government of the city is administered? Are they not interested in having such offices legally filled, honestly and impartially administered? These offices are created by law for the benefit and convenience of the citizens, and if any usurper should assume their duties, can redress be had only through a contestant claimant? We think not. We think the right of a citizen, as such, to seek the services of this writ, is impliedly recognized by

this court in the case of *Hardin vs. Colquitt*, 63 *Ga.*, 588. The court there said, " The claimant of an office controverting an actual incumbent, though he cannot be heard by *quo warranto* to attack the legality of the election without alleging an interest in the office as a citizen or otherwise, may nevertheless have a hearing upon such part of the case made as involves the question of whether he or the incumbent received a majority of the legal vote." The court said further, " Had the relator averred himself to be a resident of the district, and thereby interested in the office, both branches of the petition could have been used on the trial." So in the case of *Collins vs. Huff*, 63 *Ga.*, 208, this court said, " The application for leave to file the *quo warranto* rests purely upon the title of Collins to the office of mayor of Macon, by virtue of the election, the legality of which he attacks. He shows no interest in the office as a citizen or otherwise, on the face of the application." We conclude, therefore, though the interest of these relators as contestant claimants for the offices may have expired by lapse of time, their interest as resident citizens of Darien continues, and that relation to this municipality gives them such an interest in its offices as entitle them to seek and maintain this application.

4, 5, 6. But after all, the important question involved in this controversy, on which these relators rest their claim to oust the respondents, and upon which the respondents rest their right to exercise the duties of these offices, is upon the acts of the general assembly passed in 1871 (pamp., p. 265), and of 1876 (pamp., p. 283), creating commissioners for McIntosh county, with power conferred on said commissioners to exercise the rights, powers and privileges of the mayor and aldermen of the city of Darien, as conferred by the charter. The relators insist that said acts are unconstitutional and void, while on the other hand the respondents claim to hold and execute the duties of these offices by authority of said acts.

It appears by the record the judge below based his

judgment, sustaining the demurrer to this writ, on the ground " that the respondents were entitled to hold these offices under said acts, and that they were constitutional."

The corporation of the city of Darien is the creature of the general assembly. That creative power may dissolve, modify, or limit its corporate powers at will. Code, §1681; 6 *Ga.*, 130; Dillon Mun. Corp., vol. 2, section 52. All acts of the legislature are presumably valid and constitutional, and this presumption is a conclusive one, unless it can be shown that the act is prohibited by the constitution. The legislative authority is supreme, except where limitations have been placed upon it, either by the constitution of the state, or the United States. If, therefore, it cannot be shown that the legislature is forbidden to pass such acts as these, they must stand valid, and it must not only be shown, but clearly and manifestly shown. If the matter is the least doubtful courts will uphold the constitutionality of the acts. 9 *Ga.*, 253 ; 44 *Ib.*, 649.

By the constitution of 1868, in force when these acts of 1871 and 1876 were passed, it was provided, "The general assembly shall have power to provide for the creation of county commissioners in such counties as may require them, and to define their duties." Code, §5127.

The act of 1871 is entitled, " an act creating commissioners for the county of McIntosh, to define their powers, duties, etc., and for other purposes." These duties and powers conferred upon these commissioners are defined, and among them is " the exercise of the corporate authority of Darien." There is no limit on the power of the legislature to create commissioners and define their duties. 52 *Ga.*, 233, 239 (5); *Ib.*, 621 ; 59 *Ib.*, 364. The subject matter of the act of 1871 is to create commissioners and define their duties. It creates only one board, and in defining their duties gives them control over Darien. As the duties may be defined without limit, any duty defined is necessarily within the scope of the title and embraced in the subject matter. The act, then, is not

subject to the objection that it embraces two subjects matter, or that the body differs from the title, and in this respect is unlike the act construed in 51 *Ga.*, 571, which was an act granting three separate and distinct charters, and in 61 *Ga.*, 20, which was an act incorporating two separate and distinct towns in different counties.

The act of 1876 is entitled, " An act to create a board of commissioners for the county of McIntosh and city of Darien, and to define their powers and duties." Here, then, is found full accord between the title and body of the act. The subject matter of the act of 1876 is to create one board of commissioners for the county of McIntosh and city of Darien. Really the acts of 1871 and 1876 are the same in scope and purpose—to create commissioners to perform certain duties, and among them is the duty of administering the municipal government of Darien.

But the acts of 1874, pam., 190; 1877, pam., 260, likewise give these commissioners the power over the city of Darien. These acts all, *in pari materia*, should be construed as one system, and they show one comprehensive design—to organize a constitutional board of commissioners, empowered to administer the municipal government of Darien.

With these views of the constitutionality of these acts and their validity and force, we do not think the court below erred in sustaining the demurrer of respondents and dismissing the writ of *quo warranto*.

Judgment affirmed.