The Western Union Telegraph Company v. Cooledge.

1. The act of November 12, 1889, as to telegraph companies, does not repeal the act of October 22, 1887, relating to the same subject-matter.

(a) It seems that the first named act is in violation of that provision of the constitution which prohibits any act of the legislature containing more than one subject-matter.

(b) It also seems that this act, so far as it conforms to its title, applies only to such telegraph companies as might construct their lines after its passage.

2. This not being an action for damages, but an action to recover a penalty under the statute of October 22, 1887, the condition printed on the blanks of the telegraph company, requiring all claims for damages on account of sending the dispatch to be made in writing within sixty days, does not apply.

November 10, 1890.

Telegraph companies.   Constitutional and statutory law.   Penalties.   Damages.   Before Judge Van Epps. City court of Atlanta.   June term, 1890.

Reported in the decision.

Bigby & Berry, for plaintiff in error.

J. F. Daniel, contra.

Blandford, Justice.

The controlling question in this case is, whether the act passed by the General Assembly on the 12th of November, 1889, as to telegraph companies (Acts of 1888–9, p. 175) repeals the act passed on October 22, 1887 (Acts of 1886–7, p. 111), relating to the same subject-matter.   The last named act is "An act to prescribe the duty of electric telegraph companies as to receiving and transmitting dispatches; to prescribe penalties for violations thereof, and for other purposes."

The first section of this act makes it the duty of every electric telegraph company with a line of wires wholly .or partly in this State, and engaged in telegraphing for the public, to receive, during the usual office hours, all dispatches, whether from other telegraphic lines or from individuals; and on payment or tender of the usual charge, according to the regulations of such company, shall transmit and deliver the same with impartiality and good faith and with due diligence, under penalty of one hundred dollars, which penalty may be recovered in a justice or other court having jurisdiction thereof, by either the sender of the dispatch, or the person to whom sent or directed, whichever may first sue.

The first mentioned act (that of November 12th, 1889) is declared by its title to be "An act to encourage and authorize the construction of telegraph lines in the State of Georgia, and conferring certain privileges, powers and penalties on the owners thereof, and to provide a penalty for divulging the contents of any private message by any person connected with such telegraph company." The first section authorizes any telegraph company, chartered under the laws of this State or any other State of the United States, to construct, maintain and operate lines of electric telegraph upon, along and over the highways and public roads, and across and under any waters in this State, by the erection of posts, piers, abutments and other fixtures (except bridges) necessary to sustain the wires of its lines; but it shall not incommode the use of any highways or public roads, or endanger or intercept the navigation of any waters. The second section makes it the duty of every telegraph company to receive dispatches from and for any other telegraph company or association, and from or for any person, on payment of the usual charge for the transmission of dispatches, according to the regulations of the company, and to transmit the same faithfully and im-

partially ; and for every neglect or refusal so to do, the company shall forfeit a sum of not exceeding $100, to be recovered in an action of tort, by the person, association or company sending or desiring to send the dispatch.    The third section prohibits telegraph companies or associations from discriminating against other companies, associations or individuals sending or desiring to send a dispatch, and provides a penalty of a sum not exceeding $100, to be recovered in an action of tort. The fourth section provides that it shall be the duty of every company or association to transmit all dispatches in the order in which they are received, under a like penalty of $100, but making an exception in favor of proprietors or publishers of newspapers.    The fifth section provides a penalty for any person connected with any telegraph company in this State to divulge the contents of any private telegram.    We have thus given a summary of the act of 1889.    The title of the act would seem to be to authorize and encourage the construction of telegraph lines in this State, and to confer certain privileges and powers upon such companies, and penalties upon the owners thereof, and to provide a penalty for divulging the contents of any private message by any person connected with such telegraph company.    This title of the act seems to contemplate more than one subject-matter, for it looks to the encouragement and authorization of telegraph lines to be constructed in the State of Georgia, and confer privileges, powers and penalties upon the owners thereof; while, at the same time, it also provides a penalty for divulging the contents of any private message by any person connected with such telegraph company.    And so it appears all through the act, after the first section thereof, that there are other matters contained therein different from that of authorizing and encouraging the construction of telegraph lines within the State.    It seems to us that the matters contained in the second and third section of this act are not germane

to those contained in the first section; and so with the other sections. So it would appear that this act is in violation of that provision of the constitution which prohibits any act of the legislature from containing more than one subject-matter. And furthermore, it appears to us that this act, so far as it conforms to the title, applies only to such telegraph companies as might construct their lines after the passage of the same. We think that the legislature did not intend to apply this act to any telegraph company which had been theretofore constructed in this State, and hence we think that the act does not operate to repeal the act of 1887 above referred to.

Again, it is insisted by counsel for the plaintiff in error that by the terms of the dispatch all claims for damages on account of sending the same should be made in writing within a certain time after the sending of the dispatch, otherwise that the company would not be liable; and that the defendant in error in this case made no claim upon the telegraph company for damages before bringing his suit. We do not think that rule of the telegraph company applies to a case like this. This is not an action for damages, but it is an action brought to recover a penalty under a statute, and therefore we think that the condition printed on the telegraph blanks of the company requiring all claims to be made in writing within sixty days does not apply to a case such as this. We are aware that there are decisions of other courts in the United States in conflict with this opinion, but there are many, however, fully in accord with it. The case of the Western Union Telegraph Company v. Cobbs, 47 Ark., 344, 1 S. W. Rep. 558, fully sustains our position.

These are the main questions in the case; and the judgment of the court below being in accordance with the views we have herein expressed, it is therefore

*Affirmed.*