## CHRISTIE *v.* MILLER.

The act approved March 2, 1874 (Acts 1874, p. 220), the title of which is "An act to establish rates of fees of magistrates and constables in the city of Savannah, and to provide for the payment of costs by the county of Chatham in criminal cases," contains two subject-matters, viz., the fixing of a fee bill in *civil* cases for magistrates in the city of Savannah; and the payment of costs in *criminal* cases by the county of Chatham to magistrates and constables of Chatham county, without reference to the location of the militia districts in the city of Savannah. The act is void, because in conflict with article 3, section 4, paragraph 5 of the constitution of 1868, which provides: "Nor shall any law or ordinance pass which refers to more than one subject-matter."

Submitted March 12,—Decided May 18, 1907.

Illegality.   Before Judge Cann.   Chatham superior court.   April 11, 1906.

*Thomas L. Hill,* for plaintiff in error.

EVANS, J.   This case arose upon the filing of an affidavit of illegality to a fi. fa.   The defendant in fi. fa. paid the amount of the judgment, and all cost which he admitted to be due, and insisted that the balance of the cost claimed was not due by reason of the unconstitutionality of the local act under which it was taxed.   This act was approved March 2, 1874, and is entitled "An act to establish rates of fees of magistrates and constables in the City of Savannah, and to provide for the payment of costs by the County of Chatham in criminal cases."   Acts 1874, p. 220.   The first section of this act fixes the fees of magistrates and constables in the City of Savannah in civil cases; the second section forbids special contracts for fees between the officers and parties; the third section provides for the payment by Chatham county of fees in criminal cases to the magistrates and constables of that county, and the fourth section requires the magistrates and constables to post the prescribed fee bill in their offices, and denounces as malpractice a failure so to do, as well as any violation of its provisions.   It is claimed that this act offends article 3, section 4, paragraph 5, of the constitution of 1868: "Nor shall any law or ordinance pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof."   The caption and the body disclose that the legislature intended to fix a fee bill in civil cases for magistrates in the City of Savannah, and to provide for the payment of a limited amount of cost in criminal cases by Chatham county to the magis-

trates and constables of that county. If these two objects are germane, so as to be comprehended under a single subject-matter, then the act would not be open to attack on the ground of plurality of subject-matter. On the other hand, if the two matters dealt with by the legislature are not so related to each other as to be included in a single purpose, then the act embraces two subject-matters, and will be void on this account.

We think that the act embraces two entirely different subject-matters: (1) the establishment of a fee bill in civil cases for magistrates and constables in the City of Savannah; (2) the provision for the payment of costs in criminal cases to officers of the County of Chatham by that county, without regard to the location of the districts of such officers within the corporate limits of the City of Savannah. The subject-matter of the first section concerns only a portion of Chatham county—the City of Savannah, whereas the third section undertakes special legislation for the entire county. The County of Chatham and the City of Savannah are separate and distinct political entities. We may not judicially know that at the time of the passage of this act Chatham county contained militia districts outside the City of Savannah, but we do know that the corporate limits of the City of Savannah were not coextensive with the limits of Chatham county, and that there existed at least a possibility of militia districts located wholly without that city; for we find, six years after the passage of the act under consideration, that certain militia districts in Chatham county outside the City of Savannah were recognized, and their territorial limits specially defined by a local act. Acts 1880-1, p. 654. When we turn to the various decisions of this court construing this section of the constitution, we find that most of the cases are decided upon their own special facts. Thus, in 1872, the legislature passed an act "to consolidate and amend the several acts incorporating the City of Brunswick, and for other purposes therein mentioned." One section contained a provision to make valid and confirm "all the ordinances of the Mayor and City Council of the City of Brunswick heretofore passed, and not in conflict with the constitution of the State of Georgia or of the United States." It was held that this act was unconstitutional, because it embraced two subject-matters. *Brieswick* v. *Brunswick,* 51 *Ga.* 639. This case illustrates an extreme tendency towards a literal analysis and a strict construction of a legislative

act. The antithesis of this case in judicial interpretation may be found in the case of *Spier* v. *Morgan,* 80 *Ga.* 581, where it was held that an act to create a board of commissioners of roads and revenues for six named counties contained but one subject-matter. This last case has never been cited by this court.

Opposition between the law and the constitution should be plain and unmistakable, before the courts will invalidate the law by construction. *Welborne* v. *State,* 114 *Ga.* 816, and cases cited. At the same time, when a legislative act clearly and palpably conflicts with the constitution, it is the duty of the court to so declare. The requirement of singleness of purpose in legislative enactments first appeared in the constitution of 1861. In *Conner's* case, 51 *Ga.* 573, Judge McCay said: "The evident intent was to prevent what is commonly known as 'log rolling;' passing through a measure not on its own merits, by combining it with other measures, each of which has a certain strength, and thus pulling them through by virtue of their combined strength." This clause of the constitution is a protest against omnibus bills, which frequently embrace matters not related, and sometimes matters adverse in their nature. We believe the act under consideration clearly contains two subject-matters, and is in violation of the constitutional provision forbidding such legislation. The court below taxed the cost on the assumption of the constitutionality of the local act of 1874. As we find that act to be unconstitutional, his judgment must be

*Reversed. All the Justices concur.*