## HARRINGTON v. GORDON et al.

The act of the General Assembly (Georgia Laws 1921, p. 525) creating a board of commissioners of roads and revenues for the County of Long is not violative of the provision of the State constitution declaring that "No special law shall be enacted in any case for which provision has been made by an existing general law;" nor the provision providing that "Laws of a general nature shall have uniform operation throughout the State." Nor is the act invalid because it deprives the ordinary, in commission at the date of its enactment, of a portion of the emoluments of his office prior to the expiration of his term. There being no issue of fact, it was not error to grant a mandamus absolute.

No. 2845. MAY 17, 1922.

Mandamus. Before Judge Sheppard. Long superior court. September 8, 1921.

The General Assembly, by an act approved August 14, 1920 (Georgia Laws 1920, p. 48), proposed an amendment to the State constitution so as to create the County of Long. At the next general election in 1920 the proposed amendment was ratified. The act declared that an election for ordinary and other officers should be held in the new county on the first Wednesday in December, 1920, and that the persons then elected should " qualify, give bond and take oath as prescribed by law," hold office until the next general election for county officers, and until their successors were elected and qualified, and should enter upon the duties of their respective offices on January 1, 1921. At such election T. J. Harrington was chosen ordinary of the county, received his commission, qualified, and entered upon the duties of the office on January 1, 1921. In August, 1921, the General Assembly passed an act (Georgia Laws 1921, p. 525) creating a board of commissioners of roads and revenues for the County of Long; the board to consist of three members, who " shall reside in the road district from which they are elected, which districts are to be defined later on in this act." Section two of the act declares: " That for the purpose of this act the said County of Long shall be divided into three road districts to be constituted as follows, to wit: Road District No. 1 shall be composed of the 1672 militia district and that portion of the 1132 militia district remaining in said county. Road District No. 2 shall be composed of the 16th militia district and that portion of the 1756 militia district remaining in said county. Road District No. 3 shall be composed of the 24th

militia district, 1544th militia district, and all other territory in said county not embraced in Road District No. 1 and Road District No. 2." Section three is: "That at any time the County Commissioners shall create a new militia district they shall have authority by a majority vote of their board to attach said new militia district to any one of the three road districts." The act further provides that the first election of county commissioners shall be held on the regular election day in November, 1922, and that the commissioners then elected shall go into office on January 1, 1923, and serve for four years; that the commissioners shall be elected by the qualified voters of the entire county, "but one of said commissioners shall be a resident of and be elected from each of said road districts, each road district being thus represented on said board by a resident respectively. The resident of a road district receiving the highest number of votes in the entire county shall be declared elected to represent his district." Section six declares: "That from and after the passage of this act until January 1, 1923, or until their successors are elected and qualified, W. A. Strickland shall be the Commissioner for the First Road District, T. L. Howard shall be Commissioner for the Second Road District, and T. P. Gordon shall be Commissioner for the Third Road District, with full authority to perform all duties of the office of Commissioner of Roads and Revenues of Long County." The act provides that before any commissioner shall qualify or perform any of the duties of his office he shall give a good bond in the sum of $2000, payable to the ordinary, and approved by him, conditioned for the faithful performance of the duties of his office, etc., "provided, that this provision of this section shall not go into effect until January 1st, 1923."

After the ratification of the act, the Governor duly transmitted to the ordinary of the county the commissions to the three persons designated in the act as commissioners until January 1st, 1923, with direction that he administer the oath to them and deliver their commissions. The ordinary declined to administer the oath to such commissioners and to deliver to them their commissions and the "control and management of all county property, affairs and funds of said County of Long," though duly requested by them to do so. Thereupon the commissioners brought a petition for mandamus against T. J. Harrington as ordinary, in which the

foregoing facts were stated; and it was prayed that the defendant be compelled to administer the oath and deliver to the applicants their commissions and the property of the county, etc.

The respondent demurred and answered, setting up the same reasons in his answer and demurrer why a mandate absolute should not be granted against him. On the hearing it appeared that there were no disputed facts; and the court granted a mandamus absolute, requiring the ordinary to administer oaths to the applicants " as county commissioners of Long County, Georgia, and turn over and deliver to them control and management of all county property, affairs and funds, provided for by the act creating said board of county commissioners."

*Edwin A. Cohen,* for plaintiff in error.

*Parker & Parker,* contra.

Fish, C. J. (After stating the foregoing facts.) Section 2, of the act of 1921, dividing the County of Long into three described " road " districts, and section 6, naming the applicants for mandamus as commissioners until January 1, 1923, are not violative of article 1, section 4, paragraph 1, of the constitution of the State, providing: " Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law," on the alleged ground " that said sections undertake to divide the County of Long into three road districts, and to name the commissioners therefor, said act being local in its application, whereas there was at the time of the approval of said act a statute in force in the State, as set out in § 843 of the Political Code of 1910, which provides that, as to a new county, ' the ordinary of such county shall cause the territory within the limits of such county to be laid out into road districts,' and said local or special law could not be legally enacted when provision had been made therefor by an existing general law." Section 2 of the act of 1921 has reference to the creation and appointment of county commissioners; and the legislative scheme, as gathered from the act in its entirety, was that the county commissioners should be elected from different sections of the county. Section 2 undertook to divide the county into territorial districts for such purpose; and while they are designated " road " districts, they are not such " road " districts as are referred to in section 843 of the Political

Code, which refers to a different matter, namely, " road districts " proper in connection with the appointment of road commissioners, whose duties relate to the working of the public roads, and are distinct from the duties of county commissioners, such as are provided for in section 2 of the act of 1921. Under this view, while section 843 of the Political Code is a general law, it is not one that relates to the same matter that is covered by section 2 of the act of 1921; and therefore the latter provision of the act of 1921 is not violative of the constitution on the ground here alleged.

Section 8 of the act of 1921, which requires commissioners elected at the next general election to give a bond of $2000, but making no provision that the commissioners who are appointed to hold until the next general election, or until their successors are qualified, should give bond, is not violative of article 1, section 4, paragraph 1, of the State constitution, which declares that " Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law," on the alleged ground that it is class legislation. In another provision of the constitution it is declared that " The General Assembly shall have power to provide for the creation of county commissioners in such counties as may require them, and to define their duties;" and it has been held many times by this court that their number, method of election or appointment, duties, powers, etc., are not required to be uniform. *Smith* v. *Duggan,* ante, 463, and cases cited. Under this view, it was wholly within the wisdom of the legislature whether they would or would not require the county commissioners to give a bond, and the fact that no bond was required of the temporary or first commissioners named in the act to hold office until January 1, 1923, and until their successors were elected and qualified, did not render their nomination and appointment void on the ground of class legislation.

In view of the constitutional provision authorizing the legislature to create county commissioners to transact county business in the several counties of the State, the provision of the act of 1921, which created such county commissioners for the County of Long, and withdrew from the ordinary jurisdiction over such

county matters and county properties as were conferred upon the county commissioners, was not invalid on the alleged ground that it illegally deprived the ordinary of the county of the emoluments of his office as to such matters before his term expired. It follows that it was not error to overrule the demurrers to the petition, and to make the mandamus absolute.

*Judgment affirmed. All the Justices concur.*