SCHNEIDER, Mayor, etc., *et al. v.* CITY OF FOLKSTON.

HAWKINS, Justice. The Town of Homeland, a municipal corporation, the named mayor and councilmen thereof, and one of the councilmen also as an individual resident, taxpayer, and owner of a portion of the land involved, brought their petition against the City of Folkston and the named mayor and councilmen thereof, to enjoin the defendants from exercising any municipal control over a described tract of land alleged to be within the corporate limits of the Town of Homeland, and to declare unconstitutional as being violative of article 3, section 7, paragraph 8 of the Constitution of 1945 (Code, Ann., § 2-1908), the act of the General Assembly of Georgia (Ga. L. 1950, p. 2373), by virtue of which the defendants were alleged to be attempting to exercise such municipal control over the land described.

The title of the act here attacked is as follows: "An Act to amend the charter of the City of Folkston, in the County of Charlton and State of Georgia; repealing all existing laws in conflict with the same; and for other purposes." By section 1 of this act it is provided that the act approved August 13, 1931, "to create and establish a new charter for the City of Folkston in the County of Charlton, State of Georgia; to increase, enlarge, and define the incorporate limits thereof; to declare the rights, powers, privileges of said corporation; and for other purposes," be amended by adding to section 3 of said act the following subsection: "(b) There is added to said corporate limits of said City of Folkston the following described territory." Then follows a description of the land sought to be included in the corporate limits of the City of Folkston, which is alleged by the petition to be within the corporate limits of the Town of Homeland. Section 2 of the act provides: "Be it further enacted by the authority aforesaid that such portions or territory of the Town of Homeland, Charlton County, Geor-

gia, embraced in the foregoing territory be and the same is hereby repealed, and that the order and decree of the Judge of the Superior Court of Charlton County, Georgia, dated April 8th, 1909, chartering and incorporating said Town of Homeland, Charlton County, Georgia, be and the same is hereby declared null and void insofar as same conflicts with this Act."

To this petition the defendants interposed their general demurrer, which was sustained by the trial court, and to this judgment the plaintiffs except. *Held*:

1. While municipal corporations are creations of the law, and the legislature may modify or limit the corporate power or amend the charter, or withdraw it altogether, provided only that in so doing there is no conflict with any constitutional provision (*Pierce* v. *Powell,* 188 *Ga.* 481, 484 (3), 4 S. E. 2d, 192)—article 3, section 7, paragraph 8 of the Constitution of 1945 (Code, Ann., § 2-1908) provides that "No law shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof."

(a) By section 1 of the act here under attack it is sought to amend the charter of the City of Folkston in accordance with the title of the act; and by section 2, to amend or partially repeal and nullify the charter of the Town of Homeland. It is not competent for the General Assembly in one act to amend, repeal, or modify the charters of two separate and distinct municipal corporations, and to attempt to do so causes the act to refer to more than one subject-matter. *Ex parte Conner,* 51 *Ga.* 571; *King* v. *Banks,* 61 *Ga.* 20; *Christie* v. *Miller,* 128 *Ga.* 412 (57 S. E. 697); *Council* v. *Brown,* 151 *Ga.* 564 (2) (107 S. E. 867).

(b) No reference whatever is made in the title of the act to the Town of Homeland, Georgia, or to the charter thereof; and section 2 of the act, which undertakes to repeal, modify, or nullify the charter of the Town of Homeland, contains matter different from what is expressed in the title thereof. *Bray* v. *City of East Point,* 203 *Ga.* 315 (46 S. E. 2d, 257); *Adams* v. *City of Cornelia,* 206 *Ga.* 687 (58 S. E. 2d, 398); *Cade* v. *State,* 207 *Ga.* 135 (60 S. E. 2d, 763).

(c) For the reasons above pointed out, the act here under attack offends and is violative of the constitutional provisions above referred to, and is invalid.

2. The other constitutional attack, to the effect that by including the property of an owner within the corporate limits of a municipality, thereby subjecting it to taxation by the municipality, the act is violative of article 1, section 1, paragraph 3 (Code, Ann., § 2-103) of the Constitution of 1945, providing that "No person shall be deprived of life, liberty, or property, except by due process of law," is without merit. *White* v. *City of Atlanta,* 134 *Ga.* 532 (6) (68 S. E. 103); *Toney* v. *City of Macon,* 119 *Ga.* 83 (46 S. E. 80); *Murray* v. *City of Waycross,* 171 *Ga.* 484 (4) (156 S. E. 38).

3. The trial court erred in sustaining the general demurrer and in dismissing the petition.

*Judgment reversed. All the Justices concur.*

No. 17276. NOVEMBER 13, 1950.

436

*Gibson & Maddox,* for plaintiff.

*Eugene Cook,* Attorney-General, *E. O. Blalock,* and *McQueen & McQueen,* for defendant.