20760.   POSEY *v.* DOOLY COUNTY SCHOOL DISTRICT
*et al.*

ARGUED JANUARY 12, 1960—DECIDED FEBRUARY 11, 1960.

*Bloch, Hall, Groover & Hawkins,* for plaintiff in error.

*Harvey L. Jay, Solicitor-General, Davis & Friedman,* contra.

DUCKWORTH, Chief Justice. Counsel for the plaintiff in error have simplified the matter for decision by expressly abandoning all grounds of attack raised by the pleadings except the constitutional attack upon section 23 of the act of 1946 (Ga. L. 1946, pp. 206, 216), the attack thereon being that it contains more than one subject matter and contains matter different from that expressed in the title. The question for decision does not concern any portion of the 1946 act except section 23. That section repeals in its entirety Code § 32-1403, relating to bond elections and taxes to pay bonds for school buildings and equipping schoolhouses, and buying school sites therefor. It then enacts, in lieu thereof, that hereafter when any county board of education shall deem it to the best interest of education to incur any bonded indebtedness for building, equipping, or purchasing sites for the building and equipping of schoolhouses, pursuant to the Constitution, art. 7, sec. 7, pars. 1 and 2, the election shall be called and held as prescribed in Chapter 87-2 of the Code, and the bonds shall be validated as provided in Chapter 87-3. The

purpose of this amendment is to permit and require the same procedure in voting, issuing, levying of taxes for, and retiring bonds issued by county boards of education for building and equipping schoolhouses or purchasing sites therefor, as is required in the case of municipal and other county bonds. Then is excluded voting by independent school-district residents and property in such districts from liability for the retirement of the bonds.

The foregoing recital of the substance of section 23 of the 1946 act should seem to refute completely the attack thereon because it contains more than one subject matter. It is simply a legal specification of the procedure for raising money for the school purposes recited by a bond issue. The exclusion of independent districts is defining the people and property subject thereto, which is in harmony with the Constitution in that respect.

We find nothing in the section that conflicts with *Board of Education of Americus* v. *Barlow*, 49 *Ga.* 232 (4), which simply holds that the act creating a board of education and giving it power to establish schools and also empowers a mayor and council of a city to levy taxes and bonds contains two subject matters and is unconstitutional. Nor is the ruling in *Ex Parte Conner*, 51 *Ga.* 571, holding an act contains two subject matters and is void because it created two military companies, applicable here. Neither is *King* v. *Banks*, 61 *Ga.* 21, which held void an act incorporating two towns, applicable here. Obviously the decision in *Brieswick* v. *Mayor &c. of Brunswick*, 51 *Ga.* 639, holding an act void because it consolidated the various amendments and also confirmed all the acts and ordinances of the city, does not apply here. Counsel also relies upon *Christie* v. *Miller*, 128 *Ga.* 412 (57 S. E. 697), which held the act there contained plural subject matter and was unconstitutional. That act stated in the caption two distinctly different subjects. One was "to establish rates of fees of magistrates and constables in the City of Savannah," and the other was "to provide for the payment of costs by the County of Chatham in criminal cases." It is inapplicable here where, as seen above, section 23 deals exclusively with the initiation and consummation of bond issues for recited purposes.

Although the opinion in *Western Union Tel. Co.* v. *Cooledge,* 86 *Ga.* 104 (12 S. E. 264), at one place states that it "would appear" that a certain act is unconstitutional, yet no constitutional question was raised or decided, the sole question decided being that making a claim upon the telegraph company for damages was not prerequisite to the maintenance of that suit for damages. It has no relevancy to the case we now have. The decision in *Council* v. *Brown,* 151 *Ga.* 564 (2) (107 S. E. 867), holding an act unconstitutional because it attempted to incorporate two separate banks, clearly shows two subject matters and is inapplicable here. Counsel relies strongly upon *Schneider* v. *City of Folkston,* 207 *Ga.* 434 (62 S. E. 2d 177). That opinion points out that the caption of the act recited that it was an act to amend the charter of the City of Folkston. And by section 1 the charter of Folkston was amended. Then by section 2 the act purports to repeal that portion of the charter of the Town of Homeland which embraced territory in the Folkston limits as amended in section 1; and the judgment of the Superior Court incorporating the Town of Homeland was declared null and void. We held the act offended the Constitution in that it contained plural subject matter and also matter not contained in the caption. Clearly it undertook to deal with two distinctly different municipalities having no relation whatever to each other. No such case is presently being considered.

We have undertaken to consider and analyze all the foregoing decisions because counsel have strongly argued that they constituted controlling authority requiring us to hold that section 23 was void for the reasons urged. We have set out the substance of section 23 above, and it plainly shows that it deals with the one subject matter of empowering boards of education to initiate and consummate school-bond elections and defines the procedure therefor. But the section is also attacked because it allegedly contains matter not expressed in the caption. After providing that it is to amend sections of Chapter 32-14 of the Code relating to recited matters, the caption then provides: "to vest the county boards of education of each county with power and authority to build schoolhouses." Thus notice is given that Chapter 32-14, which contains Code § 32-1403, is to be amended and the

boards are to be given authority to build schoolhouses. Section 23 is within this general outline of purposes, and is not subject to the attack that it is not referred to in the caption. From what has been ruled it follows that section 23 of the act of 1946 (Ga. L. 1946, pp. 206, 216) is not unconstitutional, therefore the judgments excepted to are

<em>Affirmed. All the Justices concur.</em>