25388. BLECKLEY et al. v. VICKERS, Ordinary, et al.

UNDERCOFLER, Justice. L. M. Bleckley and four others filed suit in the Superior Court of Rabun County against Robert H. Vickers as ordinary of said county. The petition alleges that they are citizens, voters and taxpayers of Rabun County and are particularly interested in the political and financial affairs of said county; that the defendant is the duly elected and qualified ordinary of said county for a term of four years beginning January 1, 1969; that the defendant was elected to administer the government of Rabun County including the matters of roads and revenues; and that during the 1969 session of the Georgia General Assembly a local bill was finally passed which provided for a board of commissioners for Rabun County, Georgia. Various constitutional attacks were made on the validity of this bill which will be dealt with in the opinion. The petitioners allege that unless the defendant is enjoined he will call the election as provided for in the 1969 Act (Ga. L. 1969, p. 2397); that if the call for an election is made pursuant to the Act, the plaintiffs will be deprived of any voice or expression of choice by ballot as to whether or not they desire to change the system or form of government for the county; that they have no adequate remedy at law and will suffer irreparable injury and damage if an election is held pursuant to the Act. The petition sought to temporarily and permanently enjoin the holding of the election as provided in the Act and for general relief.

An intervention was allowed on behalf of several interested citizens who alleged that they were entitled to intervene as a matter of right under Code Ann. § 81A-124 (a) because their interest is or may be inadequately represented since the plaintiffs are opposed to the establishment of a board of commissioners and now seek to prevent the election of members in the manner provided by law; and that the defendant is presently the ordinary of said county and has opposed the establishment of a board of commissioners. By order of court the intervention was allowed.

After hearing evidence, the trial judge denied the application for interlocutory and permanent injunction. The appeal is from this judgment. Held:

1. The petition alleges that notice of intention to introduce

local legislation was published in the newspaper on January 2, 9, 16 and 23, 1969; that subsequent to said publication, Senate Bill No. 112 was introduced in the Senate on February 11, 1969, which created a Board of Commissioners for Rabun County and named certain persons to hold such offices initially; and that this bill was passed by the House but vetoed by the Governor. The petition further alleged that at a later time during the 1969 session, Senate Bill No. 232 (Ga. L. 1969, p. 2397) was introduced in the Senate without any advertisement or publication of intent to introduce such bill relating to local legislation contrary to Art. III, Sec. VII, Par. XV of the Constitution of the State of Georgia (*Code Ann.* §§ 2-1915 and 47-801); that Senate Bill No. 232 was passed by the Senate and House and approved by the Governor; that said bill is invalid because of the failure to properly advertise and publish any notice of intention to introduce such local legislation.

The following notice of intention to introduce local legislation was published on January 2, 9, 16, and 23, 1969: "Notice is hereby given that there will be introduced in the regular session of the General Assembly of Georgia in 1969 a local bill to create a County Commission form of Government for Rabun County; to provide for a Board of Commissioners of Roads and Revenues; to prescribe all matters relative thereto; to abolish conflicting laws and for other purposes."

This notice was a part of the enrolled bill. Ga. L. 1969, pp. 2397, 2403. In *Smith v. McMichael,* 203 Ga. 74 (4) (45 SE2d 431) it was held: "[W]hen the enrollment of any local or special bill has incorporated therein the required proof of notice, and after it has been properly signed and filed with the Secretary of State, it will not only impute absolute verity as to its contents, but it will also conclusively show upon its face its validity with respect to the constitutional requirements as to proof of notice; whereas, if such enrollment fails to show the required proof of notice, it is upon its face invalid. It appears to be the manifest intention of the new provision of the Constitution that the bill as finally enrolled as the statute shall speak for itself, and that no presumptions and no sort of evidence shall be allowed to speak in lieu of what the enrolled act says for itself." For other cases so holding, see *Walker Electrical Co. v. Walton,* 203 Ga. 246, 252 (46 SE2d 184); *Gay v.*

*Laurens County*, 213 Ga. 518 (100 SE2d 271). See also, *Brown v. Clower*, 225 Ga. 165 (166 SE2d 363). There is no merit in this enumeration of error.

2. The petition alleges that Senate Bill No. 232 (Ga. L. 1969, p. 2397) is violative of Art. VI, Sec. XVII, Par. I of the Constitution of Georgia (*Code Ann.* § 2-5201) which provides that: "The General Assembly shall have power to provide for the creation of county commissioners in such counties as may require them, and to define their duties," for the reason that there has been no cause shown that a board of commissioners for Rabun County is required by the qualified voters of said county. This provision of the 1945 Constitution was contained in the Constitutions of 1868 and 1877.

This court in *Waller v. Perkins*, 52 Ga. 233, 239 (1874) in dealing with the same provision of the Constitution of 1868 held: "There is no limit on this power. Nor does the Constitution point out how these officers shall be chosen. It leaves the whole matter to the discretion of the legislature. In other words, the people have not seen fit to restrict themselves to the mode of the choice of such officers." For similar rulings see *Churchill v. Walker*, 68 Ga. 681, 686; *Bowen v. Lewis*, 201 Ga. 487, 490 (40 SE2d 80); *Hutchins v. Candler*, 209 Ga. 415, 418 (73 SE2d 191).

It follows that there is no limit on the power of the legislature to create a board of county commissioners for Rabun County and this enumeration of error is without merit.

3. The petition alleges that Senate Bill No. 232 is violative of Art. III, Sec. VII, Par. XV of the Constitution of the State of Georgia (*Code Ann.* § 2-1915) which in part provides: "No office to which a person has been elected shall be abolished, nor term of the office shortened or lengthened by local or special bill during the term for which such person was elected unless the same be approved by the people of the jurisdiction affected in a referendum on the question." The petition alleges that the Act is unconstitutional for the reason that it infringes upon and restricts the power and authority of a duly elected, qualified, commissioned and acting official of Rabun County during a term of office for which said official has been duly elected.

Article VI, Sec. VI, Par. II of the Constitution of 1945 (*Code Ann.* § 2-4102) provides in part: "The courts of ordinary

shall have such powers in relation to roads, bridges, ferries, public buildings, paupers, county officers, county funds, county taxes and other county matters as may be conferred on them by law." Article VI, Sec. XVII, Par. I (*Code Ann.* § 2-5201) provides: "The General Assembly shall have power to provide for the creation of county commissioners in such counties as may require them, and to define their duties."

"The ordinary sits for county purposes only in those counties where jurisdiction over county matters and county affairs has not been granted by legislative act to a county commissioner or board of county commissioners." *Bowen v. Lewis,* 201 Ga. 487, 490, supra. The authority to prescribe the powers of the ordinary over county affairs necessarily includes the authority to increase or diminish such powers. See *Harrington v. Gordon,* 153 Ga. 468 (112 SE 722); *Twiggs v. Wingfield,* 147 Ga. 790 (1) (95 SE 711, LRA 1918 E 757).

Since the General Assembly had constitutional authority to create the board of county commissioners for Rabun County, and the ordinary is given jurisdiction over county matters only when such a board has not been created, the contention of the plaintiff that the Act unconstitutionally infringes upon and restricts the power and authority of a duly elected, qualified, commissioned and acting official of Rabun County during his term of office is without merit.

4. The petition alleges that although Senate Bill No. 232 provides for election of a board of commissioners for Rabun County by a vote of all of the qualified voters of Rabun County, the bill separates and divides the county into three areas with a great disparity of voter population and is in violation of Art. XIV, Sec. I (*Code* § 1-815) of the Constitution of the United States because such disparity is excessive of tolerant disparities as determined by the Supreme Court of the United States.

Section 3 of this Act provides that before a member of the board is eligible to serve he must be a resident of the commission district from which he offers for election.

The Supreme Court of the United States in Fortson v. Dorsey, 379 U. S. 433, 438 (85 SC 498, 13 LE2d 401) stated: "It is not accurate to treat a senator from a multi-district county as the representative of only that district within the county wherein he resides. The statute uses districts in multi-district counties merely as the basis of residence for

candidates, not for voting or representation. Each district's senator must be a resident of that district, but since his tenure depends upon the county-wide electorate he must be vigilant to serve the interests of all the people in the county, and not merely those of people in his home district; thus in fact he is the county's and not merely the district's senator." This ruling was also adhered to in Dusch v. Davis, 387 U. S. 112 (87 SC 1554, 18 LE2d 656); Reed v. Mann, 237 FSupp. 22.

The fact that each commission member must be a resident of the district from which he offers for election is not fatal since the commissioners are elected by a county-wide electorate. The contention of the appellant is without merit.

5. The other question raised by the enumeration of errors will not be passed on since the constitutional question was not raised by the pleadings in the lower court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 9, 1969—DECIDED SEPTEMBER 29, 1969.

*John G. Davis,* for appellants.

*V. D. Stockton, Knox Bynum, Heard & Leverett, L. Clifford Adams, Jr.,* for appellees.