## BASS *v.* LAWRENCE.

1. The title of the act approved December 15, 1900, to wit, "An act to cause and establish a new charter for the City of Milledgeville; to establish the office of recorder; to enlarge the jurisdiction of the police court; to more accurately regulate the power of·the mayor and aldermen of said city relative to the public streets; to provide methods of contesting elections; to confer power upon the mayor and aldermen to assess and collect taxes and licenses; to authorize condemnation of private property for public purposes; to authorize the establishment of a city chain-gang; to confer jurisdiction upon the mayor and aldermen over the city cemetery and other public property; to regulate the establishment of nuisances; to authorize the collection of gross-sales tax; to provide for support of schools within the limits of said city, and for other purposes," contains only one subject-matter, and that is the grant of a new charter to the City of Milledgeville, with such incidental powers as are germane to that object.
2. The sixty-fifth section of the act, which provides that "all ordinances or ordinance, or any part, clause, or section of any act or acts now in force in said city, which is not in conflict with this act, ·are hereby continued to be a part of the charter of said city, and are hereby declared of full force and effect," is broader than the title of the act, and such provision is void because it is variant from what is expressed in the title.
3. But the entire act is not void. The remainder of the act is complete in itself and capable of being enforced independently of the provisions of the sixty-fifth section, and is therefore valid.
4. The police court has full jurisdiction to enforce the ordinances of the city and to impose sentences for their infraction; and where a person pleads guilty to the violation of an ordinance, the validity of which is not questioned, and is in the custody of the proper officer by virtue of the sentence lawfully imposed by· the court, his detention is not illegal.

Argued October 16,—Decided November 9, 1905.

Habeas corpus. Before Judge Lewis. Baldwin superior court. July 14, 1905.

*Hines & Vinson,* for plaintiff.    *Allen & Pottle,* for defendant.

EVANS, J. The contention of the plaintiff in error is that he is illegally restrained of his liberty, for the reason that the judgment

.and sentence of the recorder's court of the City of Milledgeville is void, because the act of the General Assembly granting a new charter to that city, approved December 15, 1900 (Acts of 1900, p. 345), is violative of par. 8, sec. 7, art. 3 of the constitution of this State, in that the act contains matter which is not expressed in its caption, and also embraces two separate and distinct subject-matters. The title of the act is as follows: "An Act to cause and establish a new charter for the City of Milledgeville; to establish the office of recorder; to enlarge the jurisdiction of the police court; to more accurately regulate the power of the mayor and aldermen of said city relative to the public streets; to provide methods of contesting elections; to confer power upon the mayor and aldermen to assess and collect taxes and licenses; to authorize condemnation of private property for public purposes; to authorize the establishment of a city chain-gang; to confer jurisdiction upon the mayor and aldermen over the city cemetery and other public property; to regulate the establishment of nuisances; to authorize the collection of gross-sales tax; to provide for support of schools within the limits of said city, and for other purposes." The 65th section of the act provides "That all laws contained in the several acts granting charter powers and privileges to said city, or the mayor and aldermen thereof, and the several acts amendatory thereof, and all ordinances or ordinance, or any part, clause, or section of any such act or acts now in force in said city, which is not in conflict with this act, are hereby continued to be a part of the charter of said city, and are hereby declared of full force and effect." It is insisted that the matter embraced in this section is entirely distinct from the objects of the legislation as expressed in the title of the act.

In *Mayor of Macon* v. *Hughes*, 110 *Ga.* 795, after an elaborate collation and examination of the previous adjudications of this court, it was held that where the title of an act specifies some of the objects for which the statute was passed, and contains the general expression "and for other purposes," any legislation could constitutionally be embodied in the body of the act which was germane to the general subject expressed in its title. If the words, "and for other purposes," had been omitted, the matter in the body of the act would be limited by the caption; the whole of the act would not be void, but that portion of the body of the act to which no reference was made in the title would fail, as being opposed to par. 8,

sec. 7, art. 3 of the constitution. *Sasser* v. *State,* 99 *Ga.* 54. So, under the constitutional provision that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof" (Civil Code, §5771), an act may be good in part and void in part, or the act may be absolutely invalid. If both the title and the body of the act contain separate and distinct subject-matters, the act will be void in its entirety, since it would be impossible to tell what particular object, rather than another of those referred to, the legislation was intended to accomplish. But if only one subject-matter is covered by the title of the act, the fact that matter not therein referred to is embraced in the body of the act will not necessarily render it wholly inoperative. To the extent that certain provisions found in the body of the act are not referred to in its title, it will be unconstitutional; it will be operative, however, as to those provisions which are covered by its title, if the legislative scheme will not be defeated by the rejection of so much of the matter embraced in the body of the act as is not referred to in its caption. If the legislative intent, as expressed in the title, can be given effect by enforcing such of the provisions of the act as are referred to in its caption, then the enactment may be deemed complete, and capable of enforcement save as to such additional provisions as render it in part unconstitutional.

It was urged by counsel for the plaintiff in error that this view is antagonistic to that announced by this court in *Brieswick* v. *Brunswick,* 51 *Ga.* 639. Even a cursory examination of that case will suffice to show that Chief Justice Warner, who wrote the opinion of the court, did not intend to be understood as saying the whole of the act then under consideration was void, but only one of its provisions which was not referred to in its title. All that was decided was, that this provision, which was similar to that embraced in section 65 of the act creating a new charter for the City of Milledgeville, related to a subject-matter different from that referred to in the title, and that to this extent the act was invalid, because violative of the constitutional inhibition above mentioned. · It is manifest that the court did not undertake to hold that because the body of the act embraced provisions relating to more than one subject-matter, the act was void in its entirety. If such was the view entertained by the court, there was no occasion for the Chief

Justice to take pains to point out that the provision of the act which was declared to be unconstitutional was not covered by the caption of the act, because not germane to the purpose therein expressed. The decision rendered in the *Brieswick* case may be regarded as controlling in the present case, in so far as the constitutionality of section 65 of the act now under consideration is concerned. But eliminating that section, the act is complete in itself and capable of being enforced independently of the provisions therein contained. The title of the act fully covers what is embraced in its body regarding the establishment of a police court to be presided over by an official known as the recorder, the maintenance of a chain-gang, and the carrying into effect of the various other purposes referred to in the caption. As to all of these matters the act is constitutional, and it follows that the police court was not without jurisdiction to enforce the ordinances of the city or to impose sentence upon the plaintiff in error upon his plea of guilty to the charge of having violated one of them which he recognized as being valid, and the validity of which he does not undertake to call into question. His detention was not, so far as appears, illegal, and the court below did not err in refusing to discharge him from custody.          *Judgment affirmed.   All the Justices concur.*