## HAWKINS *v.* THE STATE.

1. Section 3 of the act of 1913 (Acts 1913, p. 98), which purports to regulate and control certain insurance companies, is unconstitutional as being in violation of art. 3, sec. 7, par. 8, of the constitution of this State, which declares that no law shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof.
2. The entire act is not void. With section 3 expunged therefrom, the remainder of the act constitutes a complete legislative scheme capable of enforcement, and is therefore valid.
NOVEMBER 16, 1916.

The Court of Appeals certified the following questions (in Case No. 6906):

"1. Is the act of 1913 (Acts 1913, p. 98), entitled 'An act to better regulate and control the organization and operation of corporations (foreign and domestic) doing an industrial, health, life, or accident insurance business in the State of Georgia, and to provide penalties, and for other purposes,' unconstitutional and void for the reason that it is violative of the provision of the constitution of Georgia (art. 3, sec. 7, par. 8) that no law shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof?

"(a) Is the act void because its title refers to the regulation and control of the organization and operation of corporations doing an industrial, health, life, or accident insurance business in the State of Georgia, while in the body of the act it is attempted, in sections 1, 2, 3, and 4, to regulate and control the conduct, not only of insurance companies, but of individuals, the latter not being mentioned in the title to the act?

"(b) Is section 3 of the act void for the reason that it contains matter not referred to in the title of the act, in that it pro-

vides a penalty for an alleged fraudulent act of individuals in doing certain acts against associations, fraternal or benefit associations, not referred to in the title?

"(c)   Is section 3 of the act void because broader than and not included by the title, for the reason that the title includes only a law to regulate and control the organization and operation of insurance companies, while the said section undertakes to regulate, control, and punish (under section 5) individuals for fraudulent acts injurious to such companies?

"2.   Is the said act, in section 3, void, as being in violation of paragraph 1 of section 4 of article 1 of the constitution of Georgia, because it is a special law covered by an existing general law, or for the reason that it is a special act passed for the sole benefit of insurance corporations of a special class, to wit, those doing an industrial, health, life, or accident insurance business, and is class legislation having no uniform application to all corporations in the State?"

*Yeomans & Wilkinson,* for plaintiff in error.

*B. T. Castellow, solicitor-general, R. R. Arnold, L. C. Hoyl,* and *W. H. Gurr,* contra.

HILL, J.   The title to the act of 1913 (Acts 1913, p. 98) is as follows:   "An act to better regulate and control the organization and operation of corporations (foreign and domestic) doing an industrial, health, life, or accident insurance business in the State of Georgia, and to provide penalties, and for other purposes." Section 3 of the act provides:   "That no person shall knowingly or wilfully make or aid in making of any false or fraudulent statement or representation of any material fact or thing in any written statement or certificate for the purpose of procuring or attempting to procure the payment of any false or fraudulent claim against any such insurance company or fraternal or benefit association, and no person shall make any false or fraudulent statement or aid in the making of any false or fraudulent statement in any application for insurance, or as to the death or disability of the policy or certificate holder, for the purpose of fraudulently obtaining any money or benefit from any such insurance company or fraternal or benefit association licensed to do business in this State."

The act referred to contains six sections.   The first, second, and

fourth sections relate to officers and agents of certain insurance companies or associations doing business in this State, and specify what acts on their part are prohibited. Sections two and five provide for the punishment, as a misdemeanor, of certain acts. Section six defines the powers of the insurance commissioner and his deputies. Section three of the act does not refer in terms, or otherwise, to the acts of insurance companies, their officers or agents, but expressly declares "That no person shall knowingly or wilfully make or aid in making of any false or fraudulent statement," etc., for the purpose of procuring or attempting to procure the payment of fraudulent claims against insurance companies. This language is broad enough to include all outside persons, and can not have reference to the regulation of the class of corporations designated in the act. The act deals with the regulation, control, and operation of corporations, and also undertakes to regulate, control, and punish outside persons for fraudulent acts injurious to such companies. It requires no demonstration to show that section three of the act under review contains matter different from what is expressed in the title of the act. From a careful reading of the title and that section of the act, it is apparent that section 3 has reference to outsiders who make or aid in making fraudulent claims against insurance companies in the manner pointed out, while the title only covers the subject of regulation and control of the organization and operation of certain corporations. The one can not be included in the other, and each refers to separate subject-matters. We think, therefore, that section 3 of the act is repugnant to the latter clause of paragraph 8 of section 7 of article 3 of the constitution of this State, which provides that no law shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof. Having held section 3 of the act unconstitutional for the reasons stated, it is unnecessary to answer any of the remaining questions which challenge its validity on other grounds.

Questions 1 and 1 (*a*) are answered in the negative. The entire act is not void for the reasons stated in these questions. The caption of the act refers to only one subject-matter, and therefore does not come within the rule that an entire act is void where it deals with two distinct subject-matters both in the caption and the

body of the act. With section 3 expunged from the act, it will still constitute a complete legislative scheme in accord with the caption of the act; and therefore its provisions, other than those contained in section 3, are valid and enforceable. *Bass* v. *Lawrence*, 124 *Ga.* 75 (52 S. E. 296). *All the Justices concur.*