## 23533. PENN MUTUAL LIFE INSURANCE COMPANY v. MARSHALL.

DECIDED JUNE 25, 1934.

*Harris, Russell, Popper & Weaver, Norman E. English,* for plaintiff in error.

*Herbert Vining, George B. Culpepper Jr.,* contra.

SUTTON, J. On December 12, 1913, the Penn Mutual Life Insurance Company of Philadelphia issued its policy of twenty-year-payment insurance on the life of Thomas F. Marshall in the sum of $5000. The insured borrowed money on the policy from time to time to pay the premiums on the insurance. The policy provided that "If three full years' premiums have been paid, the company at any time while the policy is in force will advance, on proper assignment of the policy and on the sole security thereof at

5 per cent. per annum, a sum, at the option of the insured or owner of the policy, equal to or less than the full reserve at the end of the current policy year on the policy on any dividend additions thereto according to the American Experience Table of Mortality, with interest at 3 per cent. per annum. There shall be deducted from such loan value any existing indebtedness on the policy and any unpaid balance of the premium for the current policy year, *and interest shall be payable in advance to the end of the current policy year.* [Italics ours.] Failure to repay any such loan or advance or to pay interest shall not avoid the policy unless the total indebtedness thereon shall equal or exceed such loan value at the time of such failure." The policy also provided that "If this policy shall lapse through nonpayment of premium after three years' premiums have been paid, the company will secure to the owner thereof a form of insurance, the net value of which shall be equal to the full reserve on the policy and on any dividend additions thereto at the date of default, according to the American Experience Table of Mortality, with interest at 3 per cent., less any existing indebtedness to the company on the policy." The policy further provided that "After the third year if any premium on this policy, annual, semi-annual, or quarterly, be not paid when due or within the period of grace, the company will charge against the loan value of this policy such premium *with 5 per cent. interest per annum in advance* [italics ours], provided that such loan value is sufficient." The policy lapsed for nonpayment of premium on December 12, 1928. Under the figures of the insurance company the total indebtedness of the insured at that time was $2,167.86. The cash value as fixed by the policy was $2,214.70, and the dividend addition was $65.45. This left a net cash value of $112.29, which was sufficient to carry a net amount of insurance of $2,832.86 for two years and 170 days beyond the date on which the policy lapsed, which was to May 31, 1931. The insured died on August 26, 1931, after the policy lapsed and after the expiration of the extended net amount of insurance provided in the policy, under the contentions of the insurer; and the beneficiary was not entitled to recover thereunder. The figures of the insurance company were arrived at by figuring the 5 per cent. interest as being payable in advance, and being deducted at each time the company made to the insured a premium loan. The beneficiary contends that the com-

pany could not do this, that under the law and the contract of insurance, interest could not be charged in advance and interest could not be charged on interest, and that interest could only be charged after it was earned, and, figuring thus, the beneficiary claims that the indebtedness was only $2,126.38, and subtracting this from the total amount of the cash value and the dividend addition left $153.77, and that this was sufficient to carry the net amount of insurance ($2,873.62) for three years and 111 days, which was after the date of the death of the insured, and that consequently, when the insured died, his beneficiary was, upon submission of proof of death, entitled to receive $2,873.62. The insurance company refused payment, upon the ground that the extended insurance was not in force at the time of the death of the insured. The beneficiary brought suit on the policy, and the court directed a verdict for the plaintiff for the full amount of such extended net amount of insurance, together with interest. The insurance company moved for a new trial, the motion was overruled, and to this judgment it excepted.

1. Policies of insurance should be construed so as to carry out the true intention of the parties. The rights of the parties are to be determined by the terms of the policy, so far as they are lawful. The language of the contract should be construed as a whole, and should receive a reasonable construction, and not be extended beyond what is fairly within the terms of the policy. Where the language is unambiguous and but one reasonable construction of the contract is possible, the court must expound it as made. Civil Code (1910), § 2475; *Cato* v. *Ætna Life Ins. Co.*, 164 *Ga.* 392, 398 (138 S. E. 787).

2. To charge five per cent. interest on money in advance, deducting such interest from the sum loaned the borrower, and, where the five per cent. is loaned the borrower also, to charge the same rate of interest upon that sum, is not in violation of the usury laws of this State. Civil Code (1910), § 3436; *Loganville Banking Co.* v. *Forrester*, 143 *Ga.* 302 (84 S. E. 961, L. R. A. 1915D, 1195); *Reese* v. *Bloodworth*, 146 *Ga.* 355 (91 S. E. 120); *Robinson* v. *Morris Plan Co.*, 47 *Ga. App.* 737 (171 S. E. 394).

3. It follows that the only construction which can be fairly and reasonably placed upon the provisions of the policy in this case, relative to premium loans, is that the insurance company has the

right to charge five per cent. interest deducted in advance on its premium loans to policyholders, and, where such interest is also advanced to the policyholder by it, to charge interest upon that sum; and, so construing such provisions in the contract of insurance, the contention of the defendant insurance company was correct and their figures showing that the extended net amount of insurance was not in force at the time of the death of the insured were proper, and the court erred in upholding the contention of the beneficiary, which was that such interest could not be charged in advance, interest could not be charged on interest, and that the total indebtedness of the insured was not as much as claimed by the insurer, and therefore said extended net amount of insurance was in force at the time of the death of the insured; and in directing a verdict for the plaintiff beneficiary. See *MacIntyre* v. *Cotton States Life Ins. Co.,* 82 *Ga.* 478 (9 S. E. 1124); *State Mutual Life Ins. Co.* v. *Forrest,* 19 *Ga. App.* 296 (91 S. E. 428); *Haley* v. *Covington,* 19 *Ga. App.* 782 (92 S. E. 297); *Black* v. *Franklin Life Ins. Co.,* 133 *Ga.* 859 (67 S. E. 79).

4. It appeared without dispute that the insurer had been in the habit and custom of placing this construction upon these provisions in the policy with reference to prior loans made to the insured by it, and that such construction did not meet with the disapproval of the insured. In such circumstances, the construction placed upon these provisions in the policy by the insured and by the insurer, not being contrary to law or against public policy, was binding upon the beneficiary in this case.

5. It follows that the court erred in overruling the motion for new trial of the defendant insurance company.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*