BLACK *v.* JONES, tax-collector, *et al.*

No. 13203. April 9, 1940.

*R. R. Jones,* for plaintiff.  *W. L. Ferguson,* for defendants.

GRICE, Justice.   Black filed his petition against the Commissioners of Roads and Revenues of Terrell County, the tax-collector, and the sheriff, to enjoin them from proceeding with a levy and collection of a rolling-store tax in behalf of Terrell County; the commissioners by resolution having levied a license-tax on each rolling-store operating within the limits of the county.   It was alleged that the portion of the rolling-store motor-vehicle tax act approved February 16, 1938 (Ga. L. Ex. Sess. 1937-8, p. 181), which purports to authorize any county to levy a license tax on each rolling-store operated within its limits, is violative of par. 8 of sec. 7 of art. 3 of the constitution of this State (Code, § 2-1808).   To a judgment sustaining a demurrer to the petition the defendants excepted.

The entire wording of the title to the act in question is as follows:   "An act to provide for the levy of a maintenance tax for State purposes on motor-vehicles operated as a rolling-store; to define the terms 'rolling-store' and 'motor-vehicle' as used in this act; to prescribe the amount of tax to be levied on each and every rolling-store operated in this State; to provide that the tax levied by this act shall be in addition to all other taxes levied under existing laws; to require the State Revenue Commission to collect the tax levied by this act, and upon payment thereof to issue permits to the persons making payment of such tax; to provide for the enforcement of this act by the issuance of executions, and for defenses thereto; to provide that the operation of a rolling-store in any county of the State without paying the tax shall be a misdemeanor, and prescribe punishment therefor; to allocate and to appropriate the money arising from this tax to the Highway Department to be used for the purpose of constructing and maintaining the rural post-roads under their jurisdiction; to provide for certain exemptions; to repeal all conflicting laws; and for other purposes."

It will be observed that the word "county" is mentioned only once therein, "to provide that the operation of a rolling-store in any county of the State without paying the tax shall be a misdemeanor, and prescribe punishment therefor," the words "the tax" evidently referring to the "tax for State purposes" theretofore in the caption mentioned. What is there in the title that carries even a remote suggestion that the body of the act would provide that the county authorities might also levy a tax on rolling-stores in addition to the State tax with which the title deals? We are unable to find anything of the kind. The word "tax" is used both in the caption and in the body of the act, not "taxes." The caption plainly provides for the levy of a maintenance tax for State purposes; to require the State Revenue Commission to collect the same; to allocate and to appropriate the money arising from this tax to the Highway Department to be used for the construction and maintenance of rural post-roads under their jurisdiction; to provide for certain exemptions; to repeal conflicting laws; "and for other purposes." It is recognized that the phrase "and for other purposes" would authorize the inclusion in the act of matter germane to the general subject of the act. *Mayor &c. of Macon* v. *Hughes,* 110 *Ga.* 795 (36 S. E. 247); *Morrison* v. *Cook,* 146 *Ga.* 570, 573 (91 S. E. 671); *Cady* v. *Jardine,* 185 *Ga.* 9 (193 S. E. 869). Nor do we take issue with the proposition that provisions which are designed to carry into effect the purpose for which the act was passed may constitutionally be enacted therein, though not referred to in the title otherwise than by the use of the words, "and for other purposes." Compare *Banks* v. *State,* 124 *Ga.* 15, 16 (52 S. E. 74, 2 L. R. A. (N. S.) 1007). But when the general purpose of an act is the levying of a State tax on rolling-stores, to be collected by State officers, for definite State purposes, and indeed the only specified purpose, how can it be said that a provision purporting to also give county authorities the right to levy an additional tax on them is germane to this general purpose? This additional county tax was foreign to anything mentioned in the caption. "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof." Par. 8 of section 7 of article 3 of the constitution (Code, § 2-1808). This constitutional provision is mandatory, not directory. *Prothro* v. *Orr,* 12 *Ga.* 36, 43; *Mc-*

*Caffrey* v. *State,* 183 *Ga.* 827, 830 (189 S. E. 825). In obedience to the express mandate contained in the bill of rights (art. 1, sec. IV, par. 2; Code, § 2-402) that "Legislative acts in violation of this constitution, or the constitution of the United States, are void, and the judiciary shall so declare them," it must be declared that the proviso contained in the latter part of Section 1 of the act approved February 16, 1938, purporting to confer on county authorities a right to levy on rolling-stores a license tax, is void because it contains matter different from what is expressed in the title of the act. *Judgment reversed. All the Justices concur.*