## CADE *v.* THE STATE.

No. 17152.  July 11, 1950.

*William C. Calhoun*, for plaintiff in error.

*Eugene Cook*, Attorney-General, *George Hains*, Solicitor-General, *Robert E. Andrews*, contra.

HAWKINS, Justice. (After stating the foregoing facts.) 1. Counsel for the plaintiff in error expressly abandoned the usual general grounds of the motion for a new trial, and the only question presented for our determination is whether the trial court erred, as complained of in the exceptions pendente lite and in the only ground of the amended motion for a new trial, in refusing the request of counsel to be permitted to propound to each individual juror the questions set out in the statement of facts.

It is contended by counsel for the plaintiff in error that the trial court erred in holding that the act approved February 25, 1949 (Ga. L. 1949, p. 1082), as applied to criminal cases, was unconstitutional because the title of the act made no reference to criminal cases.

It is true, as contended by counsel for the plaintiff in error, that this court has many times held that statutes should be construed in such way as to be consistent with the Constitution, if it can be done, and that the conflict between a statute and the Constitution should be serious before the court declares the statute unconstitutional. *Hope* v. *Mayor &c. of Gainesville*, 72 *Ga.* 246; *Smith & Co.* v. *Evans*, 125 *Ga.* 109 (53 S. E. 589);

*Lamons* v. *Yarbrough,* 206 *Ga.* 50 (55 S. E. 2d, 551). It is also true that this court has held that article 3, section 7, paragraph 8 of the Constitution (Code, Ann., § 2-1908) does not require that the title of an act should contain a synopsis of the law. *Wright* v. *Fulton County,* 169 *Ga.* 354 (150 S. E. 262); *Williamson* v. *Housing Authority of Augusta,* 186 *Ga.* 673 (199 S. E. 43); *Fields* v. *Arnall,* 199 *Ga.* 491 (34 S. E. 2d, 692). But this provision of our Constitution does require that "No law shall pass which . . contains matter different from what is expressed in the title thereof." In *Cady* v. *Jardine,* 185 *Ga.* 9 (193 S. E. 869), it is pointed out that the court should ever keep in mind the history of the event that gave this provision of the Constitution birth, the evil it sought to prevent, and recognize the wisdom of the provision. One of the evils it sought to prevent was the insertion of clauses in the body of acts of the General Assembly of which the title gave no intimation, and their passage was secured from legislative bodies whose members were given no notice thereof by the title and who were not generally aware of the intention and effect of such clauses. *Mayor &c. of Savannah* v. *State,* 4 *Ga.* 26, 38; *Howell* v. *State,* 71 *Ga.* 224, 226 (51 Am. R. 259).

How stands the act now under consideration in the light of this clause of our Constitution? The title of the act is as follows: "An Act to repeal in its entirety Section 59-705 of the Code of 1933, and to substitute in lieu thereof, a new section to be numbered Section 59-705, to provide that in all civil causes, it shall be good cause of challenge that a juror has expressed an opinion as to which party ought to prevail, or that he has a wish or desire as to which shall succeed, and that upon challenge made by either party upon either of these grounds, it shall be the duty of the court to hear such competent evidence respecting the challenge as shall be submitted by either party; to provide that the court shall determine the challenge on the evidence adduced thereon, to provide that in all civil causes the parties thereto, shall have the right to an individual examination of the panel of jurors from which the jury is to be selected, without interposing any challenge; to provide for the manner in which such examination is to be conducted, and for the administration of a preliminary oath to the panel; to provide for the rights of coun-

sel for either party in conducting such examination."

The body of the act, in section 1 thereof, repeals Code § 59-705 as it then existed, and by section 2 enacted in lieu thereof another section, which, after re-enacting substantially the same provisions of the Code section repealed, further provides as follows: "That in all civil causes the parties thereto, shall have the right to an individual examination of the panel of jurors from which the jury is to be selected, without interposing any challenge. That in all criminal cases both the State and the defendant shall have the right to an individual examination of each juror from which the jury is to be selected prior to interposing a challenge. Such examination shall be conducted after the administration of a preliminary oath to the panel or in criminal cases after the usual voir dire questions have been put by the court, and in such examination, the counsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning or bias, which the juror might have respecting the subject matter of the suit, or counsel or parties thereto, and religious, social and fraternal connections of the juror."

It will be observed that the title of the act makes no reference whatever to criminal cases, and that the section of the Code thereby repealed applied only to civil causes, and made provision for putting juries in civil cases on their voir dire, and prescribed the questions which the court should put to the jurors upon such request. The Code section repealed and the title of the act refer exclusively to civil causes, and only in the body of the act is any reference made to criminal cases, and even in that portion of the act many of the terms used apply primarily to civil causes, for the act continues to refer to "the cause," "which party ought to prevail," "the relationship or acquaintance of the juror with the parties or counsel therefor," "any fact or circumstance indicating any inclination, leaning or bias, which the juror might have respecting the subject matter of the suit, or counsel or parties thereto"—all terms which are ordinarily

used in connection with civil causes and some of which have no application to a criminal case.

It is further apparent that it was the purpose of the legislature to broaden the scope of the examination of jurors when put upon their voir dire in civil causes, the Code section repealed having limited the scope of the questions to be propounded. Moreover, the Code, § 59-806, an entirely different section from that which the title of the present act gave notice it was to amend, makes provision for putting the jurors in trials for felonies on their voir dire, and these questions are much more comprehensive in their scope than the voir dire questions previously provided for in civil cases. In fact, they in effect cover every subject referred to in the new act, but in a condensed form. They are designed to ascertain from the juror whether he has any opinion as to the guilt or innocence of the prisoner, either from having seen the crime committed or from having heard any testimony delivered on oath; and whether he has any prejudice or bias either for or against the prisoner, and whether his mind is perfectly impartial between the State and the accused. If not perfectly impartial and free from prejudice or bias, he is subject to be excused for cause, and no matter from what cause the partiality, prejudice, or bias arises—whether because of his acquaintance or relationship with the defendant, or his counsel, or with counsel for the State, or from his or the defendant's religious, social or fraternal connections, or from any matter, thing, fact, or circumstance which would create any inclination, leaning or bias on the part of the juror respecting the defendant or the subject-matter of the charge against him. Further provision is also made by our law to challenge the juror and put him on the court as trior, in which event other and additional questions may be propounded. *Herndon* v. *State*, 178 *Ga.* 832, 838 (174 S. E. 597), and cases there cited. There was, therefore, no existing evil with respect to the interrogation of jurors in felony cases to be remedied. While this court has nothing to do with the reasonableness, wisdom, policy, or expediency of a law (*Flint River Steamboat Co.* v. *Foster*, 5 *Ga.* 194, 48 Am. D. 248; *Winter* v. *Jones*, 10 *Ga.* 190, 54 Am. D. 379; *Franklin* v. *Harper*, 205 *Ga.* 779, 792, 55 S. E. 2d, 221), it is the duty of this court to declare acts of the legislature in un-

doubted conflict with the Constitution to be void (*Bank of St. Mary's* v. *State*, 12 *Ga.* 475; *Macon & Western Railroad* v. *Davis*, 13 *Ga.* 68; *Lamons* v. *Yarbrough*, 206 *Ga.* 50, supra) ; and in determining this question, the courts may look at the effects of such statute, if held valid. If it could be held that so much of the body of the act of 1949 (Ga. L. 1949, p. 1082) as attempts to make it applicable to criminal cases is valid, the effect of such holding would be to make it practically impossible for the trial courts to carry out that other mandate of our Constitution, that every person charged with an offense against the laws of this State shall have a speedy trial. Code (Ann.), § 2-105. If this portion of the act be valid, then it applies not only to felony cases, but also to every misdemeanor case, and would thus open the door for cross-examination of every juror by counsel for both the State and the defendant in both felony and misdemeanor cases in an unlimited field "touching any matter or thing which would illustrate any interest of the juror in the cause, . . the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning or bias, which the juror *might* have respecting the subject matter of the suit, or counsel or parties thereto, and religious, social and fraternal connections of the juror," and might consume many days in the selection of a jury in every misdemeanor case, thus increasing enormously, and to an extent difficult even to surmise, the expense of the various counties in the conduct of courts; and a legislative body enacting such a statute must, as required by the constitutional provision here involved, have notice from the title of the act that such a far-reaching provision was contained therein. The trial court properly held so much of the act of 1949 (Ga. L. 1949, p. 1082) as purports to apply to criminal cases, to be violative of article 3, section 7, paragraph 8 of the Constitution of 1945 (Code, Ann., § 2-1908), and did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. All the Justices concur.*