18559.   BALL, Chief of Police, *et al. v.* PEAVY.

Argued April 13, 1954—Decided May 11, 1954.

576

*Q. L. Garrett, Garrett & McDonald,* for plaintiffs in error.
*Gibson & Maddox, Wilson & Wilson,* contra.

DUCKWORTH, Chief Justice. The judgment now under review is one holding that, in so far as section 4 of the charter of the City of Waycross (Ga. L. 1909, pp. 1456, 1461), and an ordidance adopted pursuant thereto, authorize and empower the city to exercise the extra powers enumerated outside the corporate limits of the city, they are unconstitutional and void. The attack thus sustained was upon the ground that such portion of the charter was not referred to in the caption, and hence offended sec. VII, art. III, par. VIII of the Constitution (Code, Ann., § 2-1908). The relevant part of section 4 is as follows: "That for the purpose of protecting the peace, good order, morals and health of said city, its corporate limits and its jurisdiction shall extend for one mile beyond its limits as now defined or  .  .  . hereafter extended," and the material portion of the caption is as follows: "An act to provide and establish a new charter for the city of Waycross  .  .  .  and to extend and define its corporate limits."

This court had for decision in *Blair* v. *State,* 90 *Ga.* 326 (17 S. E. 96, 35 Am. St. R. 206), the identical constitutional question, although the caption of the Columbus charter was slightly different in its wording from the caption here, the relevant portion being, "An act to create a new charter for the City of Columbus, and to consolidate and declare the rights and powers of said corporation." But the reasons stated in that opinion why the provisions in the body of the act were unconstitutional as not being covered by the caption apply here. While section 4 mentions this additional area as corporate limits for the recited purposes, nevertheless it is obvious that it has to do solely with powers of the municipality. To draw a municipal charter is to

define its corporate limits, without which it would be void. Thus the mere additional phrase, "to extend and define its corporate limits," adds nothing to the caption of the Waycross charter that was not in the Columbus charter. Accordingly, since the title of the act affords no indication of any purpose on the part of the General Assembly to provide the City of Waycross with such extra powers over the neighboring territory within one mile of the city's limits (*Blair* v. *State*, 90 *Ga.* 326, supra), the court did not err in holding it subject to the constitutional attack and in granting the permanent injunction.

*Judgment affirmed. All the Justices concur.*