21479. EUBANKS *et al.* v. THE STATE.

SUBMITTED JANUARY 8, 1962—DECIDED FEBRUARY 8, 1962.

*Twitty & Twitty, Frank S. Twitty, Jr.,* for plaintiffs in error.
*Maston O'Neal, Solicitor-General,* contra.

HEAD, Presiding Justice. John Robert Eubanks and Jim Roger Ricks were indicted under the act of 1949 (Ga. L. 1949, pp. 1118-1122; *Code Ann.* § 26-2213) and charged with "the offense of Burning to Defraud Insurer." Their demurrer to the indictment was overruled, and the exception is to this judgment.

■ The indictment charged the defendants with the crime of "burning to defraud insurer" in the language of the act, and the first ground of demurrer, asserting that the indictment fails to charge the defendants "with the commission of a crime," can not be sustained, unless it be determined that the act of 1949 is unconstitutional and void as contended in grounds 2 and 3 of the demurrer.

In ground 4 of the demurrer it is asserted that the indictment fails to allege who was the owner of the automobile. In ground 5 it is asserted that it fails to allege the number of the insurance policy, the date it was issued, and in whose name the policy was issued. In ground 6 it is asserted that the indictment does not allege payment of the premium and that the policy was in full force and effect at the time the automobile was destroyed by fire, and in ground 7 it is asserted that no loss is shown to have been suffered by the insurance company.

The offense charged against the defendants is in the language of the statute, and this is sufficient under the law. *Cohen v. State,* 104 Ga. 734 (30 SE 932); *Bazemore v. State,* 121 Ga. 619 (49 SE 701); *Ramsey v. State,* 212 Ga. 381 (92 SE2d 866); *Buchanan v. State,* 215 Ga. 791 (113 SE2d 609).

■ In ground 2 of the demurrer it is contended that the act of 1949 (Ga. L. 1949, pp. 1118-1122) is unconstitutional and void as being in violation of Art. III, Sec. VII, Par. VIII (*Code Ann.* § 2-1908) of the Constitution, "in that said act refers to more than one subject matter and contains matter different from what is expressed in the title thereof."

The title of the 1949 act is as follows: "An Act to repeal Sections 26-2208, 26-2209, 26-2210 and 26-2211, relating to the crime of arson and the punishment therefor, and to enact other sections relating to said crime or the attempt thereat and prescribing the punishment therefor; and to enact other laws relating to the kindling of fire on one's land or that of another and prescribing the punishment therefor; and for other purposes."

The only crime mentioned in the title of the 1949 act is arson. Notice is given of the repeal of certain sections and of the intention "to enact other sections relating to said crime." This language is sufficient to meet the requirements of Art. III, Sec. VII, Par. VIII (*Code Ann.* § 2-1908) of the Constitution. The general object of the law is all that need be indicated by the title or caption of the act, and a synopsis of the law is not required to be in the title. *White v. Donaldson*, 170 Ga. 432, 436 (153 SE 19); *Morgan v. Shepherd*, 171 Ga. 33, 37 (154 SE 780); *Cade v. State*, 207 Ga. 135, 138 (60 SE2d 763); *Complete Auto Transit, Inc. v. Floyd*, 214 Ga. 232, 236 (104 SE2d 208).

"Provisions germane to the general subject-matter embraced in the title of an act, and which are designed to carry into effect the purpose for which it was passed, may be constitutionally enacted therein, though not referred to in the title otherwise than by the use of the words 'and for other purposes.' " *Burns v. State*, 104 Ga. 544 (1) (30 SE 815); *Martin v. Broach*, 6 Ga. 21 (50 AD 306); *Branson v. Long*, 159 Ga. 288, 293 (125 SE 500); *Inter-City Coach Lines, Inc. v. Harrison*, 172 Ga. 390, 394 (157 SE 673); *Black v. Jones*, 190 Ga. 95, 97 (8 SE2d 385).

In ground 3 of the demurrer it is urged that the act is null and void because it "fails to set forth in the caption thereof" that the Code Sections referred to were a part of the Code of 1933.

The Sections of the Code repealed by the 1949 act are Sections appearing in the official Code of 1933. In the absence of specific language naming some other Code, the act of 1949 can only refer to the official Code of 1933, since it is the only Code of full force and effect in this State.

*Judgment affirmed. All the Justices concur.*