23259. NELSON et al. v. SOUTHERN GUARANTY INSURANCE COMPANY et al.

Submitted December 13, 1965—Decided February 23, 1966.

806

*Kelly, Champion & Henson, John W. Denney,* for appellants.
*Swift, Pease, Davidson & Chapman, Ray, Owens, Keil & Hirsch, W. G. Scranton, Jr., Max R. McGlamry,* for appellees.

Cook, Justice. The General Assembly in 1963 passed an amendment to *Code Ch.* 56-4 (Ga. L. 1963, pp. 588-593). Section 56-407A (c) of this Act provided in part as follows: "No policy or contract of bodily injury liability insurance, or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any motor vehicle, shall be issued or delivered in this State to the owner of such vehicle, or shall be issued or delivered by any insurer licensed in this State, upon any motor vehicle principally garaged or principally used in this State, unless it contains a provision insuring the person named therein and any other person, as insured, using any of those motor vehicles with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicles. . ." This provision of the 1963 Act was repealed by Ga. L. 1964, p. 306.

It is the contention of the appellants that *Code* § 56-407A (c), as it appeared in the 1963 Act, declared the public policy of the State, at the time of the accident on November 1, 1963, to be that no insurer could issue a policy of motor vehicle liability insurance which did not insure any person using the motor vehicle insured with the express or implied permission of the insured, and that the exclusion endorsement attached to the insurance policy which is the subject matter of the present action was contrary to public policy and void.

Existing and valid statutory provisions enter into and form a part of all contracts of insurance to which they are applicable, and in case of conflict between the policy and the statutory provisions, the latter control. *Employers Liability Assurance Corp. v. Hunter,* 184 Ga. 196, 202 (190 SE 598). It is therefore necessary to determine whether the section requiring omnibus clause coverage offended the Constitution, Art. III, Sec. VII, Par. VIII (*Code Ann.* § 2-1908).

The purpose of this constitutional provision is "to protect the people against covert or surprise legislation." *Blair v. State,* 90 Ga. 326, 329 (17 SE 96, 35 ASR 206); *Central of Ga. R. Co. v. State of Ga.,* 104 Ga. 831, 845 (31 SE 531, 42 LRA 518). The caption of the 1963 Act (Ga. L. 1963, p. 588) is as follows: "An Act to amend Code Chapter 56-4, relating to the various kinds of insurance, limits of risks, and reinsurance, so as to provide that no automobile liability insurance policy shall be issued unless coverage is provided therein for the protection of the insured against loss caused by an uninsured vehicle; to provide the procedure connected therewith; to repeal conflicting laws; and for other purposes." This caption contains no language indicating that the insurance law described is amended generally. See *Eubanks v. State,* 217 Ga. 588 (124 SE2d 269). It states specifically that *Code* § 56-407 is amended "so as to provide" coverage for the protection of the insured against loss caused by an uninsured vehicle. There is nothing in the caption to show that the amendment includes any insurance matter except those relating to uninsured vehicles. Section 56-407A (c) has no connection whatsoever with uninsured vehicles.

When the caption of an amendatory Act specifically limits the matters to be included in the amendment, and there is inserted in the body of the Act a completely unrelated provision of which the title gives no intimation, the constitutional prohibition against the passage of a law which "contains matter different from what is expressed in the title thereof" (*Code Ann.* § 2-1908) is violated. *McDuffie v. State,* 87 Ga. 687 (13 SE 596); *Dempsey v. State,* 94 Ga. 766 (1) (22 SE 57); *Hawkins v. State,* 146 Ga. 134 (90 SE 968); *Black v. Jones,* 190 Ga. 95 (8 SE2d 385); *Bray v. City of East Point,* 203 Ga. 315 (46

SE2d 257); *Cade v. State,* 207 Ga. 135 (60 SE2d 763); *Ball v. Peavy,* 210 Ga. 575 (82 SE2d 143). The trial judge correctly held that § 56-407A (c) of the 1963 Act was unconstitutional. It is thus as inoperative as if it had never been enacted. *Frankel v. Cone,* 214 Ga. 733, 738 (107 SE2d 819).

" 'Insurance contracts are governed by the same rules of construction or interpretation, for the purpose of ascertaining the intention of the parties, as apply to other contracts. *Code* § 56-815; *Golden v. National Life & Accident Insurance Co.,* 189 Ga. 79 (2), 87 (5 SE2d 198, 125 ALR 838). Where the terms and conditions of an insurance policy are unambiguous, the court must declare the contract as made by the parties. *Penn Mutual Life Insurance Co. v. Marshall,* 49 Ga. App. 287 (1) (175 SE 412). Where the meaning is plain and obvious, it should be treated as literally provided therein. *Daniel v. Jefferson Standard Life Insurance Co.,* 52 Ga. App. 620 (2) (184 SE 366).' *Genone v. Citizens Ins. Co. of N. J.,* 207 Ga. 73, 86 (1) (60 SE2d 125)." *Queen Ins. Co. v. Nalley Discount Co.,* 215 Ga. 837 (1) (114 SE2d 21).

It is not disputed that the insurance policy issued by the plaintiff to Gerardo Otero contained an exclusion endorsement which provided that the plaintiff would not be liable for any accident occurring while the two named sons of Gerardo Otero were driving the automobiles insured, and the insured received a reduction in the cost of his policy because of this exclusion provision. The trial judge did not err in granting the summary judgment in favor of the plaintiff, holding that it was not liable for any damages which might be recovered against Gerardo Otero by reason of the accident of November 1, 1963, which occurred while his son Gerardo Otero, Jr., was driving his automobile.

Since by the unambiguous terms of the insurance contract between the plaintiff and Gerardo Otero no protection was afforded Gerardo Otero while his son, Gerardo Otero, Jr., was driving the automobiles insured, it would not be material on the question of the liability of the plaintiff whether or not at the time of the accident on November 1, 1963, an emergency situation existed requiring Gerardo Otero, Jr., to drive for his father, or Gerardo

Otero directed the manner in which his son drove, or made his son his agent in driving the insured automobile.

*Judgment affirmed. All the Justices concur.*