### 25073. BROWN et al. v. CLOWER.

NICHOLS, Justice. The controlling question in the present case is the constitutionality of Act No. 679 (House Bill No. 953) (Ga. L. 1968, p. 2149) approved March 8, 1968. And the sole attack is that the advertisement attached to such Act is insufficient to comport with the requirements of Art. III, Sec. VII, Par. XV of the Constitution of 1945 as amended (*Code Ann.* § 2-1915).

The advertisement attached to, and which became a part of the enrolled Act was identical with that attached to Act No. 734 (House Bill No. 734) (Ga. L. 1968, p. 2290), and read as follows: "Notice is hereby given that there will be introduced at the January 1968, session of the General Assembly of Georgia a bill to amend the Act known as 'Fulton County Employees' Pension Act' approved March 3, 1939 (Ga. L.

1939, p. 571) as heretofore amended, so as to provide that the maximum pension payable to employees who have served less than 25 years, but who elect to and are retired under the Act of 1955 shall not receive pensions in excess of $150; to provide further that present employees who have not elected to accept the benefits of the Act of 1963 shall be barred from participtation therein unless they elect, within 60 days, to accept the benefits of said Act, and for other purposes." Act No. 734 made the amendments set forth expressly in the advertisement while Act No. 679 amended the Fulton County Employees' Pension Act by making changes which could only be included in the term "and for other purposes."

1. Had the advertisement contained language expressing an intention to amend the cited Employees' Pension Act without more, then the advertisement would have been sufficient under the decisions exemplified by *Walker Electrical Co. v. Walton*, 203 Ga. 246 (46 SE2d 184), and cases there cited. And as was there held on p. 252, "Under reasonable rules of construction, the Constitution of 1945 (Art. 3, Sec. 7, Par. 15), requiring the publication of notice, does not require more information as to the law to be enacted than would be required in the caption of the bill itself."

2. In *Fleming v. Daniell*, 221 Ga. 43, 45 (142 SE2d 804), it was said: "One of the main purposes of this constitutional provision was to prevent local and special laws which affected only a particular locality, such as a county or municipality, from becoming laws unless notice of intention to introduce such bills be given during a specified time preceding their introduction in the General Assembly by newspaper advertisement published in the locality affected, the object being to prevent duties and obligations being imposed on local governments without giving those in charge of such governments an opportunity to oppose their passage."

(a) Thus, the purpose of the advertisement as to local legislation like the caption of all Acts of the General Assembly is " 'to protect the people against covert or surprise legislation.' *Blair v. State*, 90 Ga. 326, 329 (17 SE 96, 35 ASR 206); *Central of Ga. R. Co. v. State of Ga.*, 104 Ga. 831, 845 (31 SE 531, 42 LRA 518)." *Nelson v. Southern Guaranty Ins. Co.*, 221 Ga. 804, 807 (147 SE2d 424). See also *Bass v. Lawrence*, 124 Ga. 75 (52 SE 296).

3. "When the caption of an amendatory Act specifically limits the matters to be included in the amendment, and there is inserted in the body of the Act a completely unrelated provision of which the title gives no intimation, the constitutional prohibition against the passage of a law which 'contains matter different from what is expressed in the title thereof' (*Code Ann.* § 2-1908) is violated. *McDuffie v. State*, 87 Ga. 687 (13 SE 596); *Dempsey v. State*, 94 Ga. 766 (1) (22 SE 57); *Hawkins v. State*, 146 Ga. 134 (90 SE 968); *Black v. Jones*, 190 Ga. 95 (8 SE2d 385); *Bray v. City of East Point*, 203 Ga. 315 (46 SE2d 257); *Cade v. State*, 207 Ga. 135 (60 SE2d 763); *Ball v. Peavy*, 210 Ga. 575 (82 SE2d 143)." *Nelson v. Southern Guaranty Ins. Co.*, supra, p. 807.

4. The advertisement which became a part of Act. No. 679 and Act No. 734, supra, was an advertisement of an intention to amend the cited Act in a particular way, and Act No. 679, ' the one under attack, contained only matters completely foreign to the avowed intent contained in the advertisement, and accordingly did not meet the requirements of the Constitution with respect to the necessary advertisement of a local Act.

5. The judgment of the trial court overruling the constitutional attack on such Act, as well as the further judgment declaring the employee defendant in the trial court entitled to benefits under such Act must be reversed.

*Judgment reversed. All the Justices concur.*

ARGUED FEBRUARY 10, 1969—DECIDED FEBRUARY 20, 1969—
REHEARING DENIED MARCH 6, 1969.

*Paul H. Anderson, Harold Sheats,* for appellants.
*John Tye Ferguson, Webb, Parker & Ferguson,* for appellee.