## 54387. LIEBER FOODS, INC. v. NATIONAL INVESTORS LIFE INSURANCE COMPANY.

BELL, Chief Judge.

This case concerns a claim for the payment of the proceeds of a life insurance policy in which defendant insurer's motion for summary judgment was granted.

The facts are undisputed. Plaintiff was the owner and beneficiary of the policy issued by the defendant on January 18, 1966, which insured the life of a third party in the amount of $100,000. A "Policy Schedule" specifically designated by amount an annual, semi-annual, quarterly and monthly premium and it was further provided that "premiums shall be payable in advance and at the intervals specified in the policy schedule." Plaintiff elected to make monthly premium payments. At the time of the insured's death, on May 9, 1976, the premium had been paid through April 18, 1976, the 4th month of the current policy year. Defendant paid plaintiff $95,477.11 as the proceeds due on the policy. The difference between this amount and the face amount of the policy, $4,522.89, represented a deduction made by defendant for 8/12th's of the annual premium. This deduction for which recovery is sought by plaintiff in this suit was made by defendant pursuant to a paragraph of the policy which stated: "Indebtedness. Any indebtedness (including, upon death of the Insured, any unpaid portion of the premium for the current policy year) will be deducted from any proceeds payable under this policy." *Held:*

Plaintiff makes the argument that since the policy authorized the payment of the premium on a monthly basis and since the payment of the last monthly premium was paid on April 18, 1976, and the insured died on May 9, 1976, no deduction was authorized. In the alternative, plaintiff also argues that the policy provisions with reference to the method of payment of premiums and the indebtedness paragraph are uncertain and ambiguous. In the construction of insurance policies, courts must construe all ambiguities most favorably to the insured, but courts may not construe unambiguous language and must declare the contract as made by the parties. *Hulsey*

*v. Interstate Life &c. Ins. Co.,* 207 Ga. 167 (60 SE2d 353); *Nelson v. Southern Guaranty Ins. Co.,* 221 Ga. 804 (147 SE2d 424). There is nothing ambiguous about the policy provisions in issue. The indebtedness paragraph very plainly authorized the deduction made by the defendant. At the time of the insured's death, plaintiff had made 4 monthly payments and there remained unpaid eight monthly payments of the "premium for the current policy year." To adopt plaintiff's argument would render this part of the indebtedness provision meaningless. The grant of summary judgment to defendant was correct.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED SEPTEMBER 20, 1977 — DECIDED OCTOBER 13, 1977.

*Fine & Block, William B. Hollberg,* for appellant.
*Smith, Cohen, Ringel, Kohler & Martin, Fred W. Ajax, Jr., Harvey S. Gray,* for appellee.